VAN VALKENBURGH VS. THE CITY OF MILWAUKEE.

CONSTITUTIONAL LAW. *(1) Abandonment of proceedings to condemn land, after judgment on appeal from assessment of damages.*
ESTOPPEL BY JUDGMENT. *(2–5) Effect of such a judgment as estoppel in subsequent action, after such abandonment.*
STARE DECISIS. *(6) Former decision as to effect of city plat adhered to.*
EVIDENCE. *(7) Party cannot make evidence for himself.*

1. Ch. 50, P. & L. Laws of 1872, so far as it authorizes the common council of Milwaukee to abandon proceedings previously had for condemning certain lands, is valid.
2. The effect of such an abandonment was to render inoperative a judgment previously rendered against the city, on appeal from an award assessing damages for the lands sought to be condemned; proceedings on such

judgment would be stayed, and its collection restrained, if it were sought to be enforced; and it does not stand in the way of an action by the judgment plaintiff for damages sustained by reason of the condemnation proceedings and of acts of the city on the premises during their pendency.

3. After a litigated question of fact has been determined by verdict and judgment, the adjudication cannot be impeached by either party in a collateral action or proceeding; and this rule applies to facts, essential to the judgment, stipulated by the parties at the trial. So *held*, where the stipulation was in form "for the purposes of the trial of this [that] action."

4. On appeal to the circuit court from an award of damages in condemnation proceedings, verdict and judgment for the claimant necessarily affirm his title to the premises; and where his title is admitted by stipulation in the action, no special finding on that subject is necessary.

5. The question whether the public had an easement for a street in a part of plaintiff's premises, was litigated in a former action between these parties, and submitted to the jury; but there was no special finding upon it, and the judgment is consistent with a determination of it either way. *Held*, not *res adjudicata*.

6. The decision in *Van Valkenburgh v. Milwaukee*, 30 Wis., 338, and *Emmons v. Milwaukee*, 32 id., 434, that certain plats there mentioned do not operate as dedications or grants of certain lands to the public use, establishing a rule of property which has remained undisturbed for several years, adhered to on the principle of *stare decisis*.

7. A remonstrance addressed by plaintiff to the common council against the abandonment of condemnation proceedings against his land, in which he itemized and estimated his damages from such proceedings, is not admissible as evidence in his behalf in an action for such damages.

APPEAL from the County Court of *Milwaukee* County. The preliminary facts out of which this action arose were involved in a former case between the same parties, which reached this court, and is reported in 30 Wis., 338. Those facts are there sufficiently stated, and it will only be necessary here to give a brief history of the subsequent proceedings relating to the condemnation of the plaintiff's lots.

After the first judgment was reversed by this court, plaintiff's appeal from the award of the board of public works was again tried in the circuit court, and resulted in a verdict assessing his damages at $4,000; for which sum judgment was duly entered in his favor. On such trial, no evidence was

given of plaintiff's title to the lots affected by the appeal, but the parties stipulated on the trial as follows: " *Frank B. Van Valkenburgh* having proved that the title in fee simple to lots Nos. 19, 20 and 21, in block No. 143, and to all of lot No. 1 in block No. 108, except the west 135 feet thereof, all in the seventh ward of this city, was in him at the date of the report of the board of public works appealed from in this action, to wit, on the 6th day of December, 1869, at the trial of this action in this court, in May, 1871, to the satisfaction of this court and jury; and the judge of this court having then decided and instructed said jury that the plaintiff was the owner in fee of the property in question; it is hereby stipulated and agreed by and between the parties to this action, for the purposes of the trial of this action in this court, that said *Van Valkenburgh* was the owner of the real estate above described, at the time when it was condemned and taken by the city of Milwaukee for public use, October 3, 1873." The stipulation is signed by the city attorney.

The verdict and judgment are merely for damages, being silent on the subjects of title and the alleged public easement in the strip of land designated as Lake street.

In February, 1874, the common council of the defendant city, acting under authority conferred by sec. 3, ch. 50, P. & L. Laws of 1872, vacated and abandoned such condemnation proceedings so far as they affected plaintiff's lots, and gave him due notice thereof. Accordingly, no part of the judgment last mentioned has ever been paid.

This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the condemnation proceedings and of the acts of the city upon such lots while the same were pending. The answer of the city denies that the plaintiff is the owner of certain portions of the lots described in the complaint, and alleges that portions of the lots are within the limits of two public streets of said city, known as Biddle and Lake streets.

On the trial, plaintiff read in evidence the record in the circuit court of the proceedings therein on the appeal from the appraisal of the board of public works, consisting of the record of both trials of such appeal. He gave no evidence of his title, but relied solely upon the estoppel of the last judgment. He gave parol evidence, however, tending to show that the question whether the public had an easement in the strip of land known as Lake street was litigated on the trial of the last appeal, and submitted to the jury for determination. He also gave evidence tending to prove that the city entered upon his lots during the pendency of the condemnation proceedings, and did acts which resulted in damage to him; and that the rental value of his tenement houses on the lots sought to be taken was reduced by reason of such proceedings.

The defendant offered testimony, in a variety of forms, which, had it been received, would or might have tended to show that the plaintiff was not the owner in fee of the strip called Lake street, and that such strip was a public highway by dedication and user. This testimony was rejected, on the ground that the last judgment of the circuit court on the appeal settled both these propositions in favor of the plaintiff— the county judge holding the city estopped by that record from denying the plaintiff's title or asserting the existence of the alleged public easement.

The plaintiff recovered, and the city appealed from the judgment against it entered pursuant to the verdict.

For the appellant, there was a brief by *E. Mariner* and *C. A. Hamilton*, and the cause was argued orally by *Mr. Mariner*. They contended, among other things, 1. That the court erred in receiving in evidence the record of the former action between these parties; that plaintiff, having recovered in that action the entire value of his interest in the property, could not recover in this action if that judgment was in force; while, if that judgment was not in force, it could not operate as an estoppel. 2. That the verdict and judgment in the for-

mer action were not conclusive upon the question whether the premises known as Lake street were public property, because the verdict did not determine the question of title in terms, and was entirely consistent with a finding by the jury that Lake street was public property, and that the three other parcels of land taken, which are conceded to have belonged to the plaintiff, were of the value of $4,000 — the amount awarded by the verdict. *W., A. & G. Steam Packet Co. v. Sickles,* 24 How., U. S., 333; *S. C.,* 5 Wall., 580; *Russell v. Place,* 94 U. S. (4 Otto), 606; *Davidson v. Shipman,* 6 Ala., 27; *Chamberlain v. Gaillard,* 26 id., 54; *King v. Chase,* 15 N. H., 9.

*Frank B. Van Valkenburgh,* respondent, in person, contended, among other things, 1. That, although defendant has abandoned all right to the lands under the condemnation proceedings, and plaintiff has resumed his possession, so that neither party relies on that proceeding as affecting any change in the title, still the former judgment is in full force.    2. That every question which was either expressly or by necessary implication in issue in the former action, or which must necessarily have been decided in order to support the judgment, is concluded thereby. *Danaher v. Prentiss,* 22 Wis., 311; *Board of Supervisors v. Railroad Co.,* 24 id., 93; *Shepardson v. Cary,* 29 id., 34.    3. That a general verdict must be construed with reference to the pleadings, and understood as a decision of all questions at issue, in favor of the party for whom it is found. *Everit v. Walworth Co. B'k,* 13 Wis., 420; *Fitzer v. McCannan,* 14 id., 63; *Krause v. Cutting,* 32 id., 688; *Goldsmith v. Bryant,* 26 id., 34.    4. That, by the stipulation in the former action, defendant admitted that the plaintiff was the owner of all the lands in controversy, and that was the only evidence as to the title, and the jury, upon that evidence, could not have found the title in plaintiff to any of the lands, or have given him damages, without finding that he had title to all the lands.    Moreover, on the first trial of that action, the jury found that plaintiff owned all the

land, but subject to an easement as to Lake street, and assessed his damages at $419; while on the second trial they increased his damages to $4,000, showing clearly that they found that there was no street there. 5. That the remonstrance addressed by plaintiff to the defendant city was admissible as a part of the *res gestœ*, to show the extent to which plaintiff claimed title to the property in question. *Roebke v. Andrews*, 26 Wis., 311; *Duffy v. Pres. Cong.*, 48 Pa. St., 51.

LYON, J. I. We do not think the judgment recovered by the plaintiff in the circuit court on the second trial of his appeal from the appraisement of the board of public works, stands in the way of a recovery by him in this action. The effect of the abandonment by the common council of the condemnation proceedings was, necessarily, to render that judgment inoperative. It is the plain purpose of the statute under which the council acted, that such should be the effect of the abandonment; and we see no reason to doubt the validity of the statute. P. & L. Laws of 1872, ch. 50. Should the plaintiff attempt to enforce collection of that judgment, the proper court would, on application, stay his proceedings and enjoin the collection thereof. Such abandonment also operated to restore to the plaintiff all the interest in the lots sought to be condemned, which he had when the condemnation proceedings were instituted; and, had he suffered no damage by reason of the proceedings or the acts of the city under them, he would have no just cause for complaint. But, having sustained damages thereby, it is very manifest that the city ought to compensate him therefor; and the statute does not assume to deprive him of the right of action to recover them. Hence, we think this action may be maintained to recover such damages to him as were the direct and proximate result of the, condemnation proceedings and the acts of the city under them. And this is all we deem it necessary to say concern-

ing the plaintiff's right to maintain this action and the rule of damages therein.

II. The most important question in the case is, whether the city is estopped by the judgment on the second trial of his appeal from the award of the board of public works, to deny the plaintiff's title to any portion of the lots affected by that appeal, or to claim that the portion of such lots designated as Lake street is a public street or highway.

It is freely conceded by the learned counsel for the city, that a question of fact once litigated, and determined by the verdict of a jury and judgment thereon, is at rest between the same parties, and that neither party can thereafter be heard to deny the correctness of the adjudication in a collateral action or proceeding.

The question of the plaintiff's title to the lots affected by the appeal was necessarily involved in the condemnation proceedings. He could not have recovered on his appeal without first establishing his title, and a verdict in his favor was, in effect, that he was the owner of the lots for the taking of which damages were assessed to him by way of compensation. The stipulation conceded the title to the lots to be in the plaintiff, and no special finding that he was the owner was necessary. *Hutchinson v. C. & N. W. R'y Co.*, 41 Wis., 541; *McNarra v. C. & N. W. R'y Co.*, id., 69. And it is quite immaterial that the city, by admitting the title, relieved the plaintiff from the obligation of proving it. Bigelow on Estoppels, 17, and cases cited. In *Chamberlain v. Preble*, 11 Allen, 370, discussing the subject of estoppel by judgment, the court says: "The judgments of courts must be based on the facts as they are presented. No doubt, if the truth could always be fully and accurately known, many decisions would appear erroneous; but it is for the public interest that there should be an end of litigation, and parties and privies who have once had day in court cannot, by mere proof or offer of proof that the judgment was founded on error in fact, renew the controversy.

Nor can it make any difference that the facts, or some of them, in a proper case, were agreed by the parties, instead of being passed upon by the jury. Few trials before a jury are had without the agreement of parties or counsel to many matters thought not to be in controversy. The execution of written instruments, the testimony of absent witnesses, and the date of the happening of a particular event, are of this class. A mistake in the admission of any one such fact, if material, would be quite as fatal in its effect upon the conclusiveness of the judgment, as an error in an agreed statement of facts. Indeed, if the effect of the judgment is to be avoided in such cases, it is difficult to say that the existence of material evidence which the defendant failed to produce, would not have the same effect."

We conclude, therefore, that the defendant is estopped by the former verdict and judgment to deny in this action that the plaintiff was the owner in fee of the lots in question when the condemnation proceedings were instituted; and that the testimony which was offered for the purpose of showing that he was not then the owner thereof, was properly rejected.

But whether such verdict and judgment estop the city from asserting that the public have a right of way over a portion of the lots, is a very different question. On the trial of the appeal in the condemnation proceedings which resulted in such verdict and judgment, the question of the existence of such public easement was litigated, and was submitted to the jury, but the record fails to show that the jury determined it. The judgment does not depend upon its determination, for it is as consistent with the hypothesis that the jury found the existence of the easement, as it is with the hypothesis that they negatived its existence. The authorities cited by counsel for the city abundantly show the rule to be, that in such a case there is no estoppel. Hence, we think the testimony offered on behalf of the city to show the existence of the public easement should have been received. Had the easement

been proved, it would necessarily have reduced the plaintiff's damages. Because this is so, and because the court rejected the offered testimony, the judgment cannot be upheld.

III. Counsel for the city criticised the decisions of this court in *Van Valkenburgh v. Milwaukee*, 30 Wis., 338; and in *Emmons v. Milwaukee*, 32 id., 434, which are to the effect that certain plats therein mentioned do not operate as dedications or grants of any portion of these lots, and certain other lands, to the public use. On this subject we have only to remark, that those decisions establish a rule of property which has remained undisturbed for several years, and that other parties may and probably have invested their money on the faith of those decisions, and hence, the maxim *stare decisis* is peculiarly applicable to them. We must not disturb them.

IV. The court below admitted in evidence on behalf of the plaintiff, a remonstrance addressed by him to the common council, against the abandonment of the condemnation proceedings, in which he itemized and estimated the damages which he had sustained by reason of such proceedings. We are aware of no rule of evidence which justifies the admission of that document.

*By the Court.* — The judgment of the county court is reversed, and the cause will be remanded for a new trial.

RYAN, C. J., took no part.

A motion by the respondent for a rehearing was denied.