## FEITEN vs. THE CITY OF MILWAUKEE.

*Injuries from abandoned proceedings to condemn land.*

1. Where proceedings by a corporation to condemn land for a public use have been lawfully abandoned, the owner can recover only damages resulting to him from *wrongful* acts done by the corporation in the course of such proceedings.

2. Complaint that on the 26th of April, 1875, the defendant city concluded that certain premises of defendant, on which was a dwelling house, were necessary for a public street; that, on application of the city, a jury was appointed May 3d of the same year, to determine the necessity of the taking, and promptly reported it necessary, but the city *unnecessarily* delayed further action until October 4, 1875, when it confirmed the report of the jury, and directed the board of public works to make an assessment of benefits and damages; that on November 8th, 1875, the condemnation proceedings were abandoned by resolution of the common council; and that, by reason of the pendency of those proceedings and the public knowledge thereof, plaintiff had been unable to rent the premises, to her damage, etc. *Held*, on demurrer,

    (1) That the *facts* averred do not show that the delay of the city to complete the condemnation proceedings was unnecessary; and a general averment to that effect is not sufficient.

    (2) That mere delay in such proceedings, without any element of malice or want of probable cause for the condemnation, would probably not be a cause of action in any case.

    (3) *It seems* that if plaintiff had leased the premises, covenanting with the lessee for their quiet enjoyment, any damages recovered of him by the lessee for breach of that covenant, caused by the taking of the land by the city, would have been a valid claim in plaintiff's favor against the city. *Driver v. Railway Co.*, 32 Wis., 569.

3. The complaint also alleged subsequent condemnation proceedings of the city, including the appointment and affirmative report of a jury, confirmation of such report, and an order made for an assessment of benefits and damages; that in the course of these proceedings the board of public works, pursuant to a resolution of the common council, caused public notice to be given that the building would be sold at public auction, and afterwards entered on the land and sold the building; that some two months afterwards the city abandoned the proceedings; and that, in consequence of these proceedings, persons were deterred from renting the premises, and they had become depreciated in value, to plaintiff's damage, etc. *Held*, that the only *wrongful* act alleged is

the entry upon plaintiff's premises and attempted sale of the house; and that, while this may show a cause of action *quare clausum fregit*, it does not show any ground of injury by reduction of the *rental value* of the premises, which is the *gravamen* of the present action.

4. *Van Valkenburgh v. Milwaukee*, 43 Wis., 574, distinguished from this case.

APPEAL from the County Court of *Milwaukee* County.

The complaint is sufficiently stated in the brief of counsel for plaintiff, as follows:

"The complaint is in trespass on the case. Plaintiff is the owner of a certain lot in the twelfth ward of the city, and on the lot there are valuable improvements, among which is a large two-story frame building used for business and dwelling purposes. On April 26, 1875, the city concluded that that part of said premises on which the house is situated became necessary for opening a street. Upon its application, a jury was appointed May 3, 1875, to determine as to the necessity. The jury promptly reported that it was necessary, but the city unnecessarily delayed further action in the premises until October 4, 1875, when it confirmed the report of the jury, and directed its board of public works to make an assessment of benefits and damages. On November 8, 1875, the condemnation proceedings, by resolution of the common council, were rescinded and abandoned.

"The plaintiff complains that, in consequence of the proceedings so instituted, it became and was generally understood that the part of the lot on which the building is situated would be taken for the purposes of a street, and that by reason thereof she proved unable to let the premises at a fair rent during the time while such proceedings were pending, and for a considerable period thereafter, to her damage of one thousand dollars.

"For a second cause of action, the plaintiff complains that on July 16, 1877, condemnation proceedings by the city were again instituted. Notice was given, a jury appointed, a report

made, the report of the jury confirmed, and an assessment of benefits and damages ordered. In the course of these proceedings, on February 14, 1878, the board of public works, pursuant to a resolution of the council, caused notice to be given in the official papers that the building would be sold at public auction; and on February 23, 1878, the said board, pursuant to said notice, entered the plaintiff's land, and did then and there sell the building, which was of the value of $2,500. About two months thereafter the city again abandoned and discontinued these condemnation proceedings, in the course of which the plaintiff's building was sold as aforesaid. The plaintiff complains that in consequence of these proceedings many persons were deterred and prevented from renting the premises; that her property has become depreciated in value; and that she has been greatly injured in her rents, revenues and profits, and in the value of her real estate, to the amount of three thousand dollars."

The complaint was demurred to as not stating a cause of action; and from an order sustaining the demurrer, plaintiff appealed.

For the appellant, there was a brief by *Cotzhausen, Sylvester & Scheiber*, and oral argument by *Mr. Cotzhausen*.

*D. H. Johnson*, for the respondent.

Lyon, J. The right of the common council to discontinue and abandon the condemnation proceedings which it had instituted, is not denied by the learned counsel for the plaintiff. He also concedes that the law governing the case is correctly stated by Judge Dillon in his treatise on municipal corporations, as follows: "Where proceedings are rightfully discontinued, the land owner cannot have a *mandamus* to collect, nor recover by action the sum that may have been estimated by commissioners; yet he may have a special action for damages for any wrongful and injurious acts of the corporation in the course of the proceedings." Section 474. This is doubt-

less a correct statement of the law, and expresses the limits and conditions of municipal liability in such cases.

The acts must be both *wrongful* and *injurious*, or there is no liability. If a given act done in the course of the proceedings be wrongful but not injurious, or if it be injurious but not wrongful, the municipality is not liable to respond in damages therefor. If there be injury without wrong, it is *damnum absque injuria*. Any other rule would render the institution of proceedings looking to the condemnation of property for public improvements exceedingly perilous to the municipality.

This action is for the loss of rents caused by the condemnation proceedings before the same were abandoned. The only averment in the first count of the complaint, which is claimed to charge a wrongful act, is that the common council unnecessarily delayed to go on with the proceedings after the jury reported that it was necessary to take the plaintiff's land.

The jury was selected May 3, 1875. The complaint does not show when they viewed the premises or reported to the council. The council confirmed the report October 4, 1875. The word "unnecessarily," as used in the complaint, has but little significance. Whether the delay was necessary or not is to be determined from the facts in the case, and this complaint fails to state facts showing that it was unnecessary. There is nothing alleged to show that the meeting of October 4th was not the first meeting of the council at which action could lawfully be taken on the report of the jury.

But we should hesitate to hold that mere delay in such a case, although we might think it was unnecessarily protracted, would constitute a ground of action. There must of necessity be a large discretion vested in the common council as to when it will take decisive action upon any proposition. Many circumstances might intervene to delay action, and it would be difficult for the court to say how much or how little time that

body ought to take or may reasonably take for deliberation before final action.

The proceeding was in the nature of an action to divest the plaintiff of title to and possession of property. *In re Anthony St.*, 20 Wend., 618. If an ordinary action of ejectment is brought in good faith and finally discontinued, the defendant cannot maintain an action for damages against the plaintiff, although the latter had unreasonably delayed to prosecute the ejectment suit, and thus had menaced the title of the defendant longer than was necessary. No good reason is perceived why the same rule is not applicable here. Such an assault upon the title of another, to be actionable, must be made maliciously and without probable cause. If so made, it may amount to slander of title and be actionable, and the damages may be increased by unnecessary delay in prosecuting the action. The rule is that "language concerning a thing is actionable when published maliciously, *i. e.*, without lawful excuse, if it also occasions damage to the owner of the thing." Townshend on Slander and Libel, 335, § 204. See, also, *Akerly v. Vilas*, 23 Wis., 207. In this case the elements of malice or wrong intention and want of probable cause are entirely wanting. In the absence of positive statute, it cannot be correctly said that mere delay in the prosecution of a suit or proceeding is unlawful.

It may here be observed that the plaintiff would have been entirely safe to have leased her premises with a covenant to the tenant for quiet enjoyment. Then, had the premises been taken by the city during the term, all proper damages which she might · have been required to pay for the breach of such covenant would have become a valid claim against the city. Such damages would have been a proper item in the amount of damages awarded her for the taking of her property. This is the rule established in *Driver v. Railroad Co.*, 32 Wis., 569. Such a covenant would probably have removed some, if not

most, of the difficulties in the way of leasing the premises pending the comdemnation proceedings.

In *Van Valkenburgh v. Milwaukee*, 43 Wis., 574, the city had condemned the plaintiff's land for the purposes of a public park, had taken possession thereof, and had done various acts thereon injurious to the freehold. Afterwards the legislature authorized the city to abandon the condemnation proceedings, and it abandoned them. It was held that the plaintiff could recover damages for such injuries, and for the loss of possession. When the city abandoned those proceedings and restored the land it had actually taken, to the owner, the plainest principles of justice required that it should compensate him for the injuries which it had done to his possession and freehold. This case is essentially different, and demands the application of a very different principle. It is only the ordinary case of incipient proceedings to condemn property to the public use, abandoned before consummation; and in all such cases if the city does not exceed its lawful authority, to the injury of the owner, pending the proceedings, it cannot be held liable for damages which the owner may incidentally sustain by reason of the proceedings. Such is the tenure by which all property subject to be taken for public use is held.

We conclude that the first count fails to allege any wrongful act or omission on the part of the city, in respect to the condemnation proceedings, and hence that it fails to state a cause of action.

The only wrongful act alleged in the second count of the complaint is the entry upon the premises and the attempted sale of the house. We have been referred to no provision in the charter of Milwaukee now in force authorizing such entry and sale. We assume the entry to have been unlawful and the attempted sale void. The entry may have given the plaintiff a cause of action *quare clausum fregit*, but this is not such an action. We are unable to perceive how such entry and attempted sale could possibly affect the rental value of the

premises; and the reduction in such rental value is the *gravamen* of this action.

We are of the opinion, therefore, that the complaint fails to state a cause of action.

*By the Court.* — Order affirmed.