Brokaw *v.* The City of Terre Haute.

Judgment affirmed.

Filed Oct. 8, 1884.

---

### No. 11,577.

### BROKAW *v.* THE CITY OF TERRE HAUTE.

CITY.— *Widening Streets.—Right to Dismiss Proceedings.*—The statute, R. S. 1881, section 3180, authorizes a city, on payment of costs, to dismiss proceedings to widen a street, after verdict on appeal, though the city may have taken possession of the real estate sought to be appropriated.

From the Superior Court of Vigo County.

*J. T. Scott,* for appellant.

*H. C. Pugh* and *G. E. Pugh,* for appellee.

COLERICK, C.—This was a proceeding by the appellee to

open and widen Moffatt street in the city of Terre Haute, Indiana. The city commissioners, by virtue of the statute under which they acted, R. S. 1881, section 3166, etc., found and determined that certain real estate of the appellant would be damaged by the widening and opening of the street in the sum of $2,400, and that the benefits which it would derive therefrom would amount to a like sum, and made their report to that effect to the common council, who approved the same, and thereupon the appellant, being affected by the proceedings, appealed therefrom to the superior court of Vigo county, where the same was tried by a jury, who returned a verdict in favor of the appellant, assessing his damages at $1,500. After the rendition of the verdict, and before any action had been taken thereon, the appellee, having paid all the costs, moved the court " for leave to dismiss and discontinue the proceedings to open the street in controversy," which motion was resisted by the appellant, who, in support of his opposition thereto, presented and filed his affidavit, which is made a part of the record in this case, in which it was stated that after the street had been ordered by the common council to be opened, and after the appellant had taken and perfected his appeal, and while the same was pending, the appellee elected to open the street, and, accordingly, caused a precept to be issued to the city marshal, directing him to open the same, and that said marshal, armed with said precept as his authority therefor, proceeded to open it, and threatened to tear down, for that purpose, the fences of the appellant, who, to avoid the exposure to which his property would have been thereby subjected, obtained permission of the marshal to remove his fences a distance of thirty feet, so as to leave the street open as required by the appellee, and that he was compelled to do so in order to save the balance of his property from irreparable damage; and that the removal of the fences had cost him $45; and that the grass and trees growing on the place so opened for the street had been irreparably injured by being exposed to the street, etc. The motion to

discontinue the proceedings was sustained by the court, to which ruling the appellant excepted, and it constitutes the only error assigned.

The sole question presented for our consideration is, was the appellee precluded from discontinuing the proceedings by its act of opening the street in controversy before the final determination of the appeal? The statute, which authorized the appeal, provides, " but such appeals shall not prevent such city from proceeding with the proposed appropriation, nor from making the proposed change or improvement." R. S. 1881, section 3180. It, also, further provides, " If upon appeal, the report of the commissioners as to the benefits or damages be greatly diminished or increased, the city may, upon payment of all costs, discontinue such proceedings."

Although the appellee, in the exercise of the power granted to it by the first provision of the statute above cited, widened and opened the street during the pendency of the appeal, it was not, in our opinion, precluded thereby from subsequently abandoning the same, and discontinuing the proceedings which were still pending, upon ascertaining that the amount of the damages awarded to the appellant, on his appeal, greatly exceeded the sum that was assessed in his favor by the city commissioners. The results that legally flowed from the action of the appellee in discontinuing the proceedings were the abandonment by the appellee of the real estate of the appellant which had been condemned for the street, and the restoration to him of its possession, and rendering the appellee liable, in an action brought for that purpose, for any damages that the appellant may have sustained which were the direct and proximate result of the proceedings and the acts of the appellee under them.

The views above expressed are fully sustained by the authorities. In Dillon on Municipal Corporations, vol. 2 (3d ed.), section 609, it is said: " Where proceedings are rightfully discontinued the land-owner can not have a mandamus to collect, nor recover by action, the sum that may

have been estimated by the commissioners; yet he may have a special action for damages for any wrongful and injurious acts of the corporation in the course of the proceedings. And it has been even held that if the municipality deems it best to abandon the proposed work or project, it may do so, and discontinue proceedings, *although it may have taken possession of the premises.* By taking possession, it is argued, the corporation does not impliedly agree to purchase at the appraisement. It may, nevertheless, discontinue the proceedings, and the land-owner can only demand the premises, and damages for being deprived of them and for injuries thereto."

In *Mayor, etc.,* v. *Musgrave,* 48 Md. 272, it was held that "A municipal corporation has the right to abandon any contemplated improvement and repeal at its pleasure any ordinance providing for the same, and after such abandonment property-owners can not compel the corporation to take and pay for property condemned for such purpose; nor does any action lie against the corporation for such abandonment merely. But where the owner of property has suffered loss or damage by the acts or delay of the corporation in any such case, he is entitled to redress for the same." See, to the same effect, *Graff* v. *Mayor, etc.,* 10 Md. 544; *State* v. *Graves,* 19 Md. 351; *Norris* v. *Mayor, etc.,* 44 Md. 598; *Baltimore, etc., R. R. Co.* v. *Nesbit,* 10 How. (U. S.) 395; *Garrison* v. *City of New York,* 21 Wall. 196.

In *Van Valkenburgh* v. *City of Milwaukee,* 43 Wis. 574, the court said: "Such abandonment also operated to restore to the plaintiff all the interest in the lots sought to be condemned, which he had when the condemnation proceedings were instituted; and, had he suffered no damage by reason of the proceedings or the acts of the city under them, he would have no just cause for complaint. But, having sustained damage thereby, it is very manifest that the city ought to compensate him therefor; and the statute does not assume to deprive him of the right of action to recover them. Hence, we think this action may be maintained to recover such damages

to him as were the direct and proximate result of the condemnation proceedings and the acts of the city under them."

In *Feiten* v. *City of Milwaukee*, 47 Wis. 494, it was held that where proceedings by a corporation to condemn land for a public use have been lawfully abandoned, the owner can recover only damages resulting to him from wrongful acts done by the corporation in the course of such proceedings. The court said: "In *Van Valkenburgh* v. *Milwaukee*, 43 Wis. 574, the city had condemned the plaintiff's land for the purposes of a public park, had taken possession thereof, and had done various acts thereon injurious to the freehold. Afterwards the Legislature authorized the city to abandon the condemnation proceedings, and it abandoned them. It was held that the plaintiff could recover damages for such injuries, and for the loss of possession. When the city abandoned those proceedings and restored the land it had actually taken, to the owner, the plainest principles of justice required that it should compensate him for the injuries which it had done to his possession and freehold."

No error was committed by the court below in sustaining the motion to discontinue the proceedings.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Oct. 9, 1884.