## CITY OF TERRE HAUTE ET AL. *v.* SACHS ET AL.

[No. 21,154. Filed November 24, 1908. Rehearing denied February 19, 1909.]

1. STATUTES.—*Saving Clauses.—Municipal Corporations.*—The municipal corporations act of 1905 (Acts 1905, p. 219, §3462 *et seq.* Burns 1905), by an express provision (§3807 Burns 1905, Acts 1905, p. 219, §272), did not affect pending litigation. p. 681.
2. MUNICIPAL CORPORATIONS.— *Condemnation Proceedings.— Dismissal.*—The general rule is that a municipal corporation, in a proceeding to condemn property for its use, on an appeal to the circuit court, may discontinue such proceeding as a matter of right, before or at the time of the final order or judgment. p. 682.
3. SAME.—*Condemnation.—Damages.—Opening Streets.—Dismissal of Proceedings.*—Where a city brought a condemnation proceeding and, pending an appeal, took possession of the land sought to be condemned and performed certain work thereon, the city's subsequent dismissal of the proceeding will not deprive the landowners from recovering damages actually suffered by the proceedings and the acts of the city thereunder. p. 685.
4. SAME.—*Condemnation.—Dismissal After Judgment.—Statutes.*— Where lot owners appealed to the circuit court from an order of the city board of works narrowing the street, and the circuit court, on March 19, found in their favor on the damages claimed, overruled the city's motion for a new trial, filed on April 20, on October 17, and rendered judgment on such day, the city cannot, on the following May 18, elect to discontinue such proceeding, under §4190e3 Burns 1901, Acts 1899, p. 270, §83, providing that where a city has appealed in a condemnation case, and the benefits or damages are "greatly diminished or increased, the city may, upon the payment of costs, discontinue such proceedings," and thereby escape the judgment rendered. p. 686.

From Vigo Circuit Court; *James E. Piety,* Judge.

Condemnation proceeding by the City of Terre Haute against which Jacob Sachs and others remonstrate. From a judgment for remonstrants, the city and others appeal. *Affirmed.*

*Frank S. Rawley,* for appellants.
*Sydney B. Davis* and *George M. Davis,* for appellees.

JORDAN, C. J.—The record in this appeal discloses the following facts: On February 5, 1904, the board of public works of the city of Terre Haute, by resolution, instituted condemnation proceedings in respect to Thirteenth street of said city. These proceedings were based upon and in pursuance of sections seventy-eight to eighty-nine inclusive of the governing statute of that city approved March 3, 1899 (Acts 1899, pp. 270, 310, §§4190z2-4190k3 Burns 1901). Appellees, property owners whose lands would be affected by the change to be made in the street, were made adverse parties to the proceedings. They appeared and remonstrated against narrowing or changing said street, for the reason that their property, situated along the line thereof, would be greatly damaged by the change. Upon a hearing, the board of works found against appellees as to damages, and ordered the proposed change to be made. On May 31, 1904, within the time fixed by law, appellees, under the provisions of the statute, duly appealed from the order of the board of public works to the Vigo Circuit Court, and the cause was docketed as an action pending therein. On December 12, 1905, it came on for trial before the court, without the intervention of a jury, and the trial thereof was continued from day to day until completed. On March 19, 1906, the court made its finding, and, among other things, assessed damages to appellees in various sums. Appellee Jacob Sachs was given $5,000, and the others were awarded smaller amounts. Thereupon the court rendered judgment, upon its finding, that appellees herein recover of the city of Terre Haute the respective sums found in their favor as damages, together with the costs laid out and expended. To this judgment the court added the following: "It is further ordered and adjudged that the defendant city be restrained from aligning and narrowing Thirteenth street between Wabash avenue and the Vandalia railroad from sixty-five to sixty feet, until it shall have first paid or tendered payment of the sums hereinbefore adjudged as occasioned by such

change.'' On April 20, 1906, the city of Terre Haute filed its motion for a new trial. On October 17 of the same year this motion was overruled, to which the city excepted and prayed an appeal to the Supreme Court. On May 18, 1907, appellant city filed its petition for the reinstatement of the proceedings on the docket of the Vigo Circuit Court for the purpose of having the court enter an order discontinuing and dismissing said proceedings. The court, as it appears, ''being fully advised,'' ordered that the cause be redocketed, and thereupon appellees appeared by counsel and demurred to said petition, for the reason that the petition did not state grounds and facts sufficient to constitute a right of action. This demurrer was sustained by the court, and appellant city of Terre Haute refused to further plead, and thereupon the court rendered judgment against it upon demurrer. From this judgment this appeal is prosecuted.

The only error assigned is that the court erred in sustaining appellees' demurrer to the petition to redocket the cause and to vacate the judgment.

The insistence of counsel for appellant city of Terre Haute is that the lower court should, upon the petition of the city, have vacated the judgment in the original proceedings and permitted the city, as a matter of right, to discontinue said proceedings. Therefore it is argued that the court erred in sustaining appellees' demurrer to the petition. On the other hand, counsel for appellees contend that if appellant city desired to discontinue or abandon its condemnation proceedings it should have done so without delay; that it cannot be permitted to wait for some seven months after the rendition of the final judgment, adjudging damages in favor of appellees, and then avail itself of the right to have the judgment set aside and the cause dismissed or discontinued. It is further claimed by appellees that the act of 1899, under which the proceedings were instituted, was repealed by an ''act concerning municipal corporations,'' known as the

"cities and towns act," approved March 6, 1905 (Acts 1905, p. 219, §3462 *et seq.* Burns 1905), and in force and effect on April 15 of that year, and therefore the cause, after the taking effect of this latter act, was controlled thereby. But, as shown, the original proceedings were pending in the lower court at the time of the taking effect of the act of 1905, and were excepted from the repealing clause of the latter act (§3807 Burns 1905, Acts 1905, p. 219, §272) and were to be heard and determined in like manner as if such act had not been enacted.

While it may be said that there is some confusion and conflict among the cases, still the general rule which appears to be established by the great weight of authorities is 2. that a municipal corporation, in a proceeding which it has instituted to condemn property for a public use, upon an appeal to a court, as in this case, may discontinue, as a matter of right, its proceedings before or at the time the cause is disposed of in the trial court by some final order or judgment therein. *Sowers* v. *Cincinnati, etc., Railroad* (1904), 162 Ind. 676; 2 Dillon, Mun. Corp. (4th ed.), §608; Mills, Eminent Domain (2d ed.), §314; 1 Smith, Mun. Corp., §716; *North Missouri R. Co.* v. *Lackland* (1857), 25 Mo. 515; *City of St. Joseph* v. *Hamilton* (1869), 43 Mo. 282, 288; *Simpson* v. *City of Kansas City* (1892), 111 Mo. 237, 20 S. W. 38.

This right to discontinue the condemnation proceedings in question, on an appeal to the circuit or superior court, is expressly recognized by §4190e3, *supra,* which provides: "Such appeal may be taken by filing an original complaint in such court against such city within the time named, setting forth the action of the said board of public works in respect to such assessment, and stating the facts relied upon as showing an error on the part of such board. Such court shall rehear the matter of such assessment *de novo,* and confirm, lower or increase the same as may seem just. In case such court shall reduce the amount of benefits assessed

against the land of such property holder, or increase the amount of damages awarded in his favor to the extent of ten *per centum* of such benefits or damages, the plaintiff in such suit shall recover costs, otherwise not. The judgment of such court shall be final, and no appeal shall lie therefrom: Provided, if upon such appeal the report of the board of public works as to benefits or damages be greatly diminished or increased, *the city may, upon the payment of costs, discontinue such proceedings.*" (Our italics.)

Wagner, J., speaking for the court, in *City of St. Joseph v. Hamilton, supra,* said: "I have no doubt that the city may dismiss its proceedings at any time before final judgment in the circuit court and then the only liability that would be incurred would be the expenses."

Judge Dillon, in his work on municipal corporations (2 Dillon, Mun. Corp. [4th ed.], §608), says: "Under the language by which the power to open streets and to take private property for that purpose is usually conferred upon municipal corporations, they may at any time before taking possession of the property under completed proceedings, or before the final confirmation, recede from or *discontinue the proceedings* they have instituted. This may be done, unless it is otherwise provided by legislative enactment, at any time before vested rights in others have attached. Until the assessments of damages have been made, the amount cannot be known; and on the whole it is reasonable that after having ascertained the expense of the project, the corporation should have a discretion to go on with it or not, as it sees fit." This statement of the law by Judge Dillon is cited with approval in *Sowers v. Cincinnati, etc., Railroad, supra,* in which case we said: "As against the owner of the land sought to be appropriated for a street, the general rule is that there is a right to discontinue as long as the amount of the compensation remains undetermined. * * * The provision granting the express right to discontinue after a trial has resulted in a finding or verdict materially changing the as-

sessment of benefits or of damages was evidently incorporated in the statute to avoid the possible holding by the courts that the cause could not then be discontinued—a holding that would be quite reasonable in view of the provisions of our civil code regarding the dismissal of actions.'' As asserted by Judge Dillon and other authorities, the reason for the rule which allows the condemning corporation to discontinue or dismiss its proceedings, after the damages in favor of the landowners have been ascertained and assessed, is that, until the amount of money to be paid by such corporation as damages for the appropriation of property has been ascertained or determined, it is not in a position to exercise its discretion as to whether it will pay the award and proceed with the public improvement, or discontinue the proceedings and abandon the making of the improvement. Appellant city of Terre Haute, in support of its contention, refers to *Brokaw* v. *City of Terre Haute* (1884), 97 Ind. 451. That case is clearly distinguishable from the one now before us and lends no support to appellant city's contention. That was a proceeding by appellee in that appeal, under the governing statute of 1881 (§3166 *et seq.* R. S. 1881), to open and widen a public street in the city. Damages appear to have been assessed by the city commissioners and reported to the common council. Upon the order of the council, approving and confirming the report of said commissioners, Brokaw appealed to the Superior Court of Vigo County, in which the case was tried by a jury, which awarded him by its verdict $1,500. After the return of the verdict but before any judgment had been rendered thereon, the city paid all the costs and moved that it be permitted to discontinue the proceedings. This motion was resisted by the property owner on the ground that the city had already opened the street. The motion, nevertheless, was sustained by the court, and the proceeding was dismissed. On appeal from this judgment

to this court the ruling of the lower court was sustained and judgment affirmed. The court, in that case, said: "The sole question presented for our consideration is, was the appellee precluded from discontinuing the proceeding by its act of opening the street in controversy before the final determination of the appeal? The statute, which authorized the appeal, provides: 'But such appeals shall not prevent such city from proceeding with the proposed appropriation, nor from making the proposed change or improvement.' §3180 R. S. 1881. It, also, further provides: 'If, upon such appeal, the report of the commissioners as to the benefits or damages be greatly diminished or increased, the city may, upon payment of all costs, discontinue such proceedings.' Although the appellee, in the exercise of the power granted to it by the first provision of the statute above cited, widened and opened the street during the pendency of the appeal, it was not, in our opinion, precluded thereby from subsequently abandoning the same, and discontinuing the proceedings which were still pending, upon ascertaining that the amount of the damages awarded to the appellant, on his appeal, greatly exceeded the sum that was assessed in his favor by the city commissioners." While the court held that the city, by opening the street during the pendency of the

3. appeal, was not precluded from subsequently abandoning the improvement and discontinuing the proceedings which were still pending, upon ascertaining the amount of the damages awarded, still it would be liable for the payment of any damages which the property owner might sustain which were the direct and proximate result of the proceedings and the acts of the city thereunder. As shown, no final judgment had been rendered, and the cause was still pending in the superior court upon the verdict of the jury when the city exercised its right to discontinue and dismiss the proceedings.

In the case now before us the facts are quite different.

They disclose that, upon appeal of the original proceedings to the circuit court, the latter court, upon the trial,

4. assessed and fixed by its finding the amount of damages which the city was to pay to the several property owners. This finding of the court was, as heretofore shown, made on March 19, 1906. On April 20 the city moved for a new trial. The cause remained pending in the court upon this motion until October 17, 1906, when it was denied. The judgment of the court overruling the motion for a new trial was the final disposition of the proceedings in the circuit court. Appellant city, at least at the time its motion for a new trial was overruled, should have elected to exercise its discretion either to discontinue the proceedings and abandon the improvement or pay the damages awarded and proceed with the improvement in question. It certainly had ample time between the assessment and determination of damages by the court upon its finding, and the date at which its motion for a new trial was overruled, to decide what steps it would take.

Upon no view of the case can the right, as claimed by appellant city, under the facts, be sustained. There is no error, and the judgment is affirmed.