Evans *v.* Plymouth Congregational Church—189 Ind. 381.

8.

9.

No error being shown in the record, the judgment is affirmed.

EVANS ET AL. *v.* PLYMOUTH CONGREGATIONAL CHURCH
ET AL.

[No. 23,416.   Filed May 14, 1920.]

EMINENT DOMAIN.—*Condemnation Proceedings by School Trustees.
—Exception to Appraisers' Report.—Construction of Statute.—*
School trustees seeking to condemn land for school purposes, under
§6635 Burns 1914, Acts 1907 p. 114, were not precluded from
abandoning the proceedings by their exceptions to the report of

the appraisers, nor were they bound thereby to take title to the property and pay any amount that might thereafter be determined by the court or jury, since by the proviso to such section it was intended to permit the school corporation to elect to pay the appraised value and still litigate the question of the amount of the award.

From Lake Superior Court; *Walter D. Hardy,* Judge.

Proceedings by James D. Evans and others against the Plymouth Congregational Church of Whiting, Indiana, and others, to condemn land for school purposes. From a judgment for plaintiffs, the defendants appeal. *Reversed.*

*J. H. Fetterhoff* and *L. V. Cravens,* for appellants.
*Gavit, Hall & Smith,* for appellees.

TOWNSEND, C. J.—Appellants, trustees of the school city of Whiting, Indiana, sought to condemn for school purposes the property of the appellee Plymouth Congregational Church. Pursuant to §6636 Burns 1914, Acts 1907 p. 114, they offered $12,500, which was refused. They thereupon filed a petition in the Lake Superior Court under §6634 Burns 1914, and appraisers were appointed under §6635 Burns 1914, who reported the value of the property to be $16,500, to which report of the appraisers all parties excepted. The cause was tried by a jury, and a verdict for $18,000 was returned. After verdict and before rendition of judgment, the school trustees passed a resolution authorizing the attorneys for the school city to abandon the proceedings, which resolution was filed in the court; but, notwithstanding this effort of the school city to abandon and dismiss the proceedings, the court rendered judgment over objection of said school city.

This presents for our consideration the construction of §6635 Burns 1914, *supra.*

It is claimed by the appellee that the school city, by excepting to the report of the appraisers, precluded itself from thereafter abandoning the proceeding, at least after verdict.

It is the contention of the appellants that the above section is to be construed in the light of the general rule that, if a statute is so far silent on the subject of when the proceeding may be abandoned as to leave it open for judicial construction, then the proceeding may be abandoned at any time before compensation is made, at least before final judgment.

After the provision for appraisement, so much of §6635 Burns 1914, *supra,* as is necessary to understand this question is as follows: "Thereupon such * * * school trustees of such school corporation, or the majority of them, may pay to the clerk of said court, for the use of the owner or owners thereof, the amount thus assessed, and upon such payment being made and the same having been shown to the court hearing said cause, the title to said real estate shall at once vest in such school corporation * * * for said purposes, and said court shall cause said real estate to be conveyed to said school corporation * * * by a commissioner appointed therefor, and said school corporation * * * may immediately take possession of said real estate for said purpose. Upon the report of said appraisers being filed, any party to the action, within ten days, may except to the amount of the appraisement and valuation of said real estate, and a trial may be had thereon before said court as other civil causes are tried, and said court shall fix the amount of said appraisement and

assessment, and any party to said action may appeal from the judgment of said court as other civil cases are appealed: Provided, That should said * * * school trustees, or a majority of them, except to the amount of the appraisement and assessment as aforesaid, the court shall convey said real estate to said school corporation * * *, and the title to said real estate shall at once vest in said school corporation * * * for said purposes, and the subsequent proceedings upon said exceptions shall only affect the amount of such appraisement and assessments."

The above section of the statute is the third section of an act found in Acts 1907 p. 114, *supra*. By this act of 1907, the act of 1881 (found in Acts 1881 p. 592) was repealed. By §3 of the act of 1881 only the owner of the real estate was given power to except to the report of the appraisers, and there was no power given to the school corporation to take possession of the property pending the litigation; nor was there any power given to the school corporation to except to the appraisement. It is quite obvious that by the proviso in §6635 Burns 1914, *supra*, the legislature intended to give power to the school corporation to pay into court the amount of the appraisement, to take possession of the property, and to proceed to use the property for school purposes pending the final determination of the amount of the award. It will be observed that, in the body of the section, title to the real estate vests upon payment of the amount of the appraisement to the clerk for the use of the owner and, upon showing of that fact, the court shall cause the real estate to be conveyed. If it were not for the proviso, the exception taken to the appraisers' report by the school corporation would be nullified by

its electing to pay the amount of the appraisement to the clerk and asking the court to appoint a commissioner to convey the property. By the proviso it was intended that the school corporation might elect to pay the amount of the appraisement and take title to the property and still try out the question of the amount of the award. But it is not meant by this section that merely by excepting to the report of the appraisers the school corporation is thereby precluded from abandoning the proceeding, or that it is thereby bound to take title to the property and pay such amount as thereafter may be determined by the court or the jury.

The proviso must be read in the light of the language in the body of the section, with reference to the payment to the clerk and the showing of such payment to the court.

The act must be construed with the general rule in view that the condemnor may discontinue at any time before rights have vested. We are not authorized, in case of doubt, to hasten the time of vesting by judicial construction, but must resolve such doubts in favor of the condemnor until the legislative act is made plain.

The school city should have been permitted by the court to abandon the proceeding, and judgment should have been rendered against it for costs.

Judgment is reversed, with instructions to the trial court to dismiss the proceeding at the cost of the school city.