## HOWARD v. ILLINOIS CENT. R. CO.
### No. 4838.

Circuit Court of Appeals, Seventh Circuit.
April 7, 1933.

that as a result of the alleged acts Howard was deprived of the possession and the free and unrestricted use of the real estate in question during all of the period from April, 1916, to January 13, 1926; that by reason of the dismissal of the suit plaintiff was damaged because he was forced to employ attorney to represent him in the above-entitled or witnesses, court costs, and other y expenses, aggregating several dollars; that he was deprived from ng his business upon said premises; was required because of the con- on suit to purchase other property, might have a place to remove his business; and that by reason of the litigation and a final dismissal of the suit by the railroad, he suffered other substantial damages.

After certain preliminary pleading, not of importance here, the railroad filed its demurrer to Howard's amended complaint, which demurrer was sustained. Howard stood by his amended complaint; whereupon judgment was entered in favor of appellee.

Error is assigned because, it is contended, the complaint did state facts sufficient to constitute a cause of action against appellee, in that the complaint alleged that appellant was damaged by the acts of the appellee in taking appellant's property for a public use without compensation, for which appellant is given a right to an action for damages under the laws of Indiana and the United States.

The case turns upon the question, as to whether a condemnation proceeding, under the statute of Indiana, may be discontinued by the condemner before taking possession and before final judgment without liability for damage accruing.

Appellant's complaint shows that appellee lawfully commenced suit to condemn certain real estate owned by appellant. The statute of Indiana under which the proceeding was instituted provides that any defendant in a case of that character may object to such proceeding on the ground that the court has no jurisdiction either of the subject-matter or the person, or that plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint, or set up in such objections. The statute requires such objections to be in writing, and provides: "But if such objections are overruled, the court or judge shall appoint appraisers as provided for in this act; and from such interlocutory order overruling such objections

William C. Bachelder and Harold K. Bachelder, both of Indianapolis, Ind., for appellant.

Harvey J. Elam and Howard S. Young, both of Indianapolis, Ind., Edward C. Craig, of Chicago, Ill., and Hinkle C. Hays, of Sullivan Ind., for appellee.

Before EVANS and SPARKS, Circuit Judges, and FITZHENRY, District Judge.

FITZHENRY, District Judge.

Appellant Howard sued appellee, Illinois Central Railroad Company, for damages alleged to have been by him suffered through the institution and dismissal of a condemnation suit in the Marion county superior court of the state of Indiana.

In April, 1916, the railroad filed a complaint to condemn certain real estate belonging to Howard, to be used by it in elevating its tracks in the city of Indianapolis.

The complaint in the instant suit recites that in the condemnation suit Howard was awarded a verdict for $9,000 damages, and judgment was entered thereon. From this judgment the railroad appealed to the Supreme Court of Indiana, where the judgment was reversed and the cause remanded. 196 Ind. 323, 147 N. E. 142, 148 N. E. 413. While the action was awaiting a second trial the railroad dismissed its complaint therein;

and appointing appraisers, such defendants, or any of them, may appeal to the Supreme or Appellate Court from such decision as and in the manner that appeals are taken from final judgments. * * * " Section 7684, Burns' Ann. St. Ind. 1926.

In the condemnation case upon which this action is predicated, the objections were overruled and Howard appealed, which stayed the proceeding in the trial court. The judgment was affirmed and the cause remanded. Howard v. Illinois Central R. R. Co., 186 Ind. 88, 115 N. E. 50. The second trial resulted in a verdict for Howard for $9,000. The railroad then appealed to the Supreme Court of Indiana. The judgment was reversed and the cause remanded. Illinois Central R. R. Co. v. Howard, 196 Ind. 323, 147 N. E. 142, 148 N. E. 413. While it was pending on the dockets of the trial court, the railroad concluded to discontinue the cause. At the time of the dismissal of the condemnation suit there was no final judgment and no possession taken of appellant's property.

■ It is clear that under the general law which obtains in all jurisdictions, except where changed by local statute, there could be no recovery for any incidental damages which may have accrued by reason of the dismissal of the suit by the railroad.

The case of Kanakanui v. United States, 244 F. 923, 926, was before the Circuit Court of Appeals of the Ninth Circuit, and the exact question here involved was under discussion. The court said: "If, as an incident to the right which the United States properly exercised to condemn property to a public use in a proceeding which was subsequently abandoned, the defendants were required to incur expenses, or were incidentally injured, it was a case of damnum absque injuria, and comes within—'the universally recognized principle of law which exempts from liability for loss or damage incidentally resulting from the proper exercise of a legal right.'"

In discussing a similar case, the Supreme Court of Minnesota used some language especially applicable to the instant case in Bergman v. St. Paul Ry. Co., 21 Minn. 533: "If the plaintiff is entitled to recover, it must be by virtue of some contract, express or implied, or of some positive rule of law conferring upon him a right of action, or upon the ground that defendant has been guilty of a tort. Certainly there is no contract here, nor is there any positive rule of law upon which plaintiff can base a right of ac-

tion. Neither is there anything in the complaint tending to show any tortious or malicious conduct on the part of defendant."

It cannot be controverted that the railroad was authorized and empowered to institute and conduct the condemnation suit in question (Howard v. Illinois Central R. R. Co., supra), nor can there be any question under the decisions of the courts of Indiana and the statute as to the railroad's lawful right to dismiss the proceedings before final judgment. City of Terre Haute v. Sachs, 171 Ind. 679, 86 N. E. 45; Sowers v. Cincinnati, etc., R. R., 162 Ind. 676, 71 N. E. 134; Brokaw v. City of Terre Haute, 97 Ind. 451; Evans v. Plymouth Church, 189 Ind. 381-385, 127 N. E. 406; section 354, Burns' Ann. St. Ind. 1926.

The rule is settled that, in the absence of a statute authorizing such recovery, a landowner may not recover damages from a condemner when the condemnation proceeding is dismissed in good faith and at a time when the condemner had a right to dismiss the proceeding. Kanakanui v. United States (C. C. A.) 244 F. 923; Winkelman v. Chicago, 213 Ill. 360, 72 N. E. 1066; Feiten v. City of Milwaukee, 47 Wis. 494, 2 N. W. 1148; 20 Corpus Juris 1086.

■ To warrant a recovery in the absence of a statute authorizing it, the acts causing the damage must have been wrongful as well as injurious. 20 Corpus Juris 1086.

■ *Concerning the Recovery of Damages.*— Where the statute does not expressly authorize the recovery of incidental costs or damages which have accrued to the landowner, the damages are not those growing out of the lawful dismissal of the suit, but must be such as arise from the actual occupation of the land. In discussing cases of this character, Lewis, in his work on Eminent Domain (3 Ed. § 957, p. 1685), says: "If, pending proceedings, possession has been taken of the property sought to be condemned, the abandonment of such proceedings renders the possession wrongful from the beginning, and a suit will lie for any damages occasioned by the entry and possession. But the gravamen of such claim is not the institution and abandonment of the proceedings, but the trespass."

■ Appellant does not seriously contend that the court erred in sustaining the demurrer if the "Federal" or general rules are applicable in this case, but it is contended that they are not applicable here, for the reason that the courts of Indiana have held to the

contrary and afford the appellant the remedy which was denied by the ruling of the court.

Appellant especially relies upon the case of Brokaw v. City of Terre Haute, 97 Ind. 451, as sustaining his right to a recovery, and he also contends that the rules laid down in the Brokaw Case are explicitly reaffirmed and approved in City of Terre Haute v. Sachs, 171 Ind. 679, 86 N. E. 45. Appellant substantially bases his contention upon one sentence taken from the Brokaw Case: "The plaintiff in a condemnation suit may dismiss his action before final judgment, but becomes liable in another action for any damage sustained by the land owner, which was the direct and proximate result of the proceedings and the acts of the plaintiff under them."

Disregarding the use of the words "and the acts" following the word "proceedings," the sentence might be construed as applicable to any kind of damage that the landowner had suffered and might be broad enough to embrace appellant's contention. However, when that one sentence is considered in connection with the remainder of the opinion, it has an altogether different meaning from the one attributed to it. The opinion itself says: "The sole question presented for our consideration is, was the appellee precluded from discontinuing the proceedings by its act of opening the street in controversy before the final determination of the appeal?"

A different statute from the one in the eminent domain case referred to in the complaint was under consideration at that time. The condemner had taken actual possession of the real estate. The proceedings there were discontinued and the real estate abandoned. The owner had restored to him the possession of the property, and it was in connection with these particular facts that the Indiana Supreme Court said that the appellee would be liable in an action for damages "that the appellant may have sustained which were the direct and proximate result of the proceedings and the acts of the appellee under them."

In the succeeding paragraph, to sustain and explain the words used, the court quoted from Dillon on Municipal Corporations, vol. 2, § 639: "Where proceedings are rightfully discontinued the land-owner can not have a mandamus to collect, nor recover by action, the sum that may have been estimated by the commissioners; yet he may have a special action for damages for any wrongful and injurious acts of the corporation in the course of the proceedings."

After holding that a municipality may discontinue proceedings "although it may have taken possession of the premises," the court continues the quotation:

"It [municipality] may, nevertheless, discontinue the proceedings, and the land-owner can only demand the premises, and damages for being deprived of them and for injuries thereto."

Then the court quotes from Mayor, etc., v. Musgrave, 48 Md. 272, 30 Am. Rep. 458, where it is said: "Nor does any action lie against the corporation for such abandonment merely. But where the owner of property has suffered loss or damage by the acts or delay of the corporation in any such case, he is entitled to redress for the same."

The court further quotes from Feiten v. City of Milwaukee, 47 Wis. 494, 2 N. W. 1148, which holds: "The owner can recover only damages resulting to him from wrongful acts done by the corporation in the course of such proceedings."

The Wisconsin court then quotes another Wisconsin precedent, Van Valkenburgh v. Milwaukee, 43 Wis. 574, which involved a case where the city of Milwaukee had taken possession of property and done various acts thereon injurious to the freehold. The latter case holds that a recovery should be sustained to "compensate him for the injuries which it had done to his possession and freehold."

In the case of Sowers v. Cincinnati, R. & M. R., 162 Ind. 676, 71 N. E. 134, 137, the Supreme Court of Indiana, in discussing the subject, in a measure reviewed the Brokaw Case, and cited that case as supporting the holding the court was then making. In speaking of damages it says: " * * * [Damages] if any, done to the property by its acts of possession, in case of a discontinuance or a defeat of the proceeding in court."

It would appear that the language used by the Supreme Court of Indiana in the Sowers Case illuminates the use of the words "of the proceedings and the acts" used in the Brokaw Case and explains them. In other words, the acts referred to are "acts of possession," or other wrongful and injurious conduct.

Much reliance is placed by appellant upon the holding of the Indiana Supreme Court in Fort Wayne Traction Co. v. Fort Wayne R. R. Co., 170 Ind. 49–57, 83 N. E. 665, 666, 16 L. R. A. (N. S.) 537. In that case there was a contest between two public utilities for the same property. After the institution of the condemnation proceedings by the

traction company the owner sold the right of way in question to the railroad company. The court there held, in effect, that the rights of the Fort Wayne Traction Company, if it elected to pay the award, existed as of the date of the filing of the complaint, and, unless there was an express assignment of the claim for damages, it should be paid to the then owner of the land. However, the Indiana court was discussing a situation entirely different from that involved in the present case. In the opinion in the Fort Wayne Case, the court quoted the statute relied upon, which provides that "the corporation shall forthwith deposit with the clerk of the circuit court, or other court of record [of the county] wherein the land lies, the description of the rights and interests intended to be appropriated, and such lands, rights, and interests, shall belong to such company, to use for the purpose specified, by making or tendering payment as hereinafter provided."

The statute which was construed in the Fort Wayne Case was not involved in the condemnation case which was dismissed by appellee, within its rights. In the latter case, section 7681, Burns' Ann. St. Ind. 1926, provided a certain line of conduct on the part of the condemner which must be followed before it could come into the right of possession of the property in question, involving the appointment of appraisers and the approval of their report. The owner of the land had a right to appeal from the interlocutory judgment.

That was done in this case, and under the statute had the effect of staying the proceedings. Appellant here was defeated; then the case went back for further proceedings; then came the trial before a jury, the awarding of damages and judgment; then the second appeal, this time by the railroad, and the reversal of the judgment by the Supreme Court, and all of this, without appellee having put itself in a position where it had a right to take possession of appellant's land. So the Fort Wayne Case is no authority to sustain the proposition that the mere institution of the condemnation suit in question was tantamount to the taking of possession of appellant's land, however appropriate was the court's statement with reference to the particular statute it had under consideration in that case.

In the Brokaw Case the court was discussing a situation where, after the suit had been brought and actual possession taken and the land used for the purpose for which its condemnation was sought, the proceeding was dismissed. There was no question before the court, at that time, of either the rights of the condemner or the owner in a case where there had been no possession of the land taken, and where the condemner was exercising its legal right of a discontinuance; nor the right under such circumstances of the owner to recover his incidental expenses as damages because of the dismissal of the condemnation proceedings. What the court said was quite apposite to a disposition of the issues which were actually involved in that case, and it requires a disregard of the words actually used by the court, the context and the issues, to construe the single sentence as creating a new and an altogether different cause of action from that recognized by the common law. To so construe the holdings in the Brokaw and the Sachs Cases would make them obiter dictum so far as the issues here involved are concerned.

However, that it was not the intention of the Supreme Court of Indiana to create a new rule is evidenced by the language of that court in a later case, Sisters of Providence v. Lower Vein Coal Co., 198 Ind. 645–654, 154 N. E. 659, 663, where the court said: "Since the state has at all times the right to take the property of a private owner upon making compensation, merely fixing the price at which it may be taken, does not deprive him of any property previously owned, so long as it is left in his undisturbed possession and control."

The statute of Indiana (section 7689, Burns' Ann. St. Ind. 1926) in effect gives the condemner one year after the rendition of final judgment within which to decide whether it will take the land and pay the damages assessed. Of course the damages for which the condemner would have been liable would have been the damages assessed for the taking of the property in question, and would not include the owner's incidental expenses.

It is true there was a cloud hanging over the property of appellant for some years. Two appeals to the Supreme Court of the state were had during that time. As both of the appeals were resolved by the Supreme Court in favor of the condemner, appellant here cannot be heard to charge that the time consumed by the appeals was wrongfully taken, or that the delay was wrongful or malicious, so far as the condemner's conduct was concerned. There may be a hardship in compelling an owner to hold his property in uncertainty awaiting the conclusion of a condemnation suit and the determination as to whether his property will be taken or not;

272

but the inconvenience is the same kind which attends all proceedings in taking land for public improvements, and which is incident to the ownership of property in a community, and especially in a city. However, where such are the only facts relied upon, the law gives no cause of action to the owner for his incidental expenses and inconvenience. Stevens v. Borough of Danbury, 53 Conn. 9, 22 A. 1071; Carson v. City of Hartford, 48 Conn. 68. This rule seems to be the universal holding of the courts in all jurisdictions, in the absence of a local statute to the contrary. Winkelman v. Chicago, 213 Ill. 360, 72 N. E. 1066.

Appellant strongly urges that what the Supreme Court of Indiana said in the Brokaw Case should be accepted by the federal courts as final, upon the decision of the United States Supreme Court in Forsyth v. City of Hammond, 166 U. S. 506, 17 S. Ct. 665, 41 L. Ed. 1095. In that case it was held that, where the Supreme Court of a state holds that, under its Constitution and statutes the courts of the state have jurisdiction over the extension of city boundaries, the federal courts will not deny the binding force of this construction as presenting anything in conflict with the Federal Constitution.

In that case the Supreme Court held the matters in issue, which involved a construction of the Constitution and statutes of Indiana placed upon them by the Supreme Court of the state, would be accepted in the federal court as final. What the United States Supreme Court said in Forsyth v. City of Hammond, supra, is entirely in harmony with the federal authorities, but does not sustain appellant's contention that a common-law decision of a state court upon causes of action accruing in the state should be accepted as binding by the federal courts. Since the decision of the United States Supreme Court in Swift v. Tyson, 16 Pet. 3, 10 L. Ed. 865, where the rule was laid down by Justice Story, the decisions of the highest courts of a state will not be accepted as controlling upon the federal courts in such cases.

There is no allegation in the complaint that anything that appellee did was wrongful or malicious, but it is freely admitted that appellee did only what it had a right to do. In such case the facts pleaded come within the rule of damnum absque injuria. 38 Cyc. 419.

The demurrer to the complaint in this case was properly sustained, and the judgment of the District Court must be, and is, affirmed.