FREDERICK A. WINKELMAN

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 22, 1904—Rehearing denied Feb. 9, 1905.*

1. APPEALS AND ERRORS—*when construction of the constitution is involved.* Whether or not the alleged wrongful delay of a city in bringing a condemnation suit to trial and in electing to abandon the proceeding after judgment and after defendants have incurred expense in carrying on the litigation, constitutes a damage to private property for public use for which compensation is recoverable involves the construction of the constitution, and an appeal lies directly to the Supreme Court.

2. EMINENT DOMAIN—*a city is liable for damage from wrongful delay in condemnation.* The wrongful delay by a city in bringing a condemnation suit to trial and in electing to abandon the suit after judgment, which prevented the sale of the land by the owner before the property had decreased in value, is a damage to private property for public use within the meaning of the statute, for which the city is liable to the owner.

3. SAME—*owner of land at time of wrongful delay may recover damages.* The person owning land at the time when the wrongful

delay by a city in bringing a condemnation suit to trial and in making its election to abandon the proceeding occurred is the party entitled to recover damages sustained through such wrongful delay.

4. SAME—*when defendant cannot recover expense of defending an abandoned condemnation suit.* The expense of defending a condemnation suit abandoned after judgment cannot be recovered by the defendant as damages, where the suit was abandoned by the petitioner prior to the act of July 1, 1897, authorizing the allowance of costs, expenses and attorneys' fees in such event.

5. PRACTICE—*preparation of trial calendar must be under control of court.* It is improper practice to allow counsel for the city to make up the trial calendar of the city's condemnation cases to suit his own convenience.

6. ESTOPPEL—*when city is estopped to claim that party should have applied to court for speedy trial.* Where counsel for the city is given and assumes the right to make up and control the trial calendar of condemnation suits, the city is estopped, in a suit for damages for wrongful delay in bringing a condemnation suit to trial, to urge that the defendant should have applied to the court to have his case set for trial instead of to the corporation counsel.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

SAMUEL B. KING, for plaintiff in error.

WILLIAM D. BARGE, (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This writ of error is sued out from this court directly to the superior court of Cook county. A preliminary question is presented by a motion to dismiss the writ on the ground that this court is without jurisdiction to entertain it. Plaintiff in error sought to recover damages occasioned by the fact that the city of Chicago failed and refused to bring to trial a condemnation proceeding, instituted by it in the circuit court of Cook county to condemn a strip of land off of a parcel of real estate now the property of plaintiff in error, for a period of more than five years after the beginning of the

proceeding, and by the fact that the city abandoned the proceeding but did not elect to do so for a period of more than fifteen months after the judgment fixing the amount of damages was entered; and also sought to recover money expended in the employment of counsel and for other expenses in carrying on the litigation.

Section 13 of article 2, constitution of 1870, provides: "Private property shall not be taken or damaged for public use without just compensation."

Plaintiff in error contends that the acts complained of amount to a taking or damaging of his property for public use, within the meaning of this provision of the constitution. It is apparent that the cause involves a construction of the constitution, and that the writ was properly sued out of this court in the first instance. The motion to dismiss will be denied.

The proceeding was instituted on July 8, 1890. The cause was tried in November, 1895. The judgment of condemnation was entered on January 31, 1896, and on May 17, 1897, the city council passed an ordinance directing the corporation counsel to have the judgment vacated and the petition dismissed. Plaintiff in error introduced evidence showing that he acquired title to the property within a few days after the condemnation proceeding was instituted, and became a party defendant to the condemnation suit, by appearing therein, two days before the trial of the cause, in November, 1895; that between the time he acquired title and the time the proceeding was abandoned there was a material decrease in the value of this property; that he sought to sell it before this decrease took place, and would have done so but for the fact that no one would buy while the suit was pending. When plaintiff in error closed his proof, this evidence, on motion of the defendant in error, was stricken out, and this action of the court is assigned for error. The amount of damages sought on account of delay is the difference between the value of the real estate at the time plaintiff in error would

have sold it but for the pendency of the suit and its value at the time the judgment was vacated and petition dismissed.

When a municipal corporation institutes a proceeding to condemn land, it should prosecute the suit with diligence. Upon the damages being fixed by the judgment, it is its duty to determine, within a reasonable time, whether it will pay the damages and enter upon the land or abandon the proceeding, and if it takes the latter course, its purpose should be promptly and unequivocally made a matter of record by the vacation of the judgment and the dismissal of the petition. If it wrongfully delays the trial of the cause, and omits to make its election to take the land or abandon the proceeding within a reasonable time after the amount of the judgment has been fixed, and then elects to discontinue, it is liable to the owner of the land for damages occasioned by such wrongful acts. If the acts be not both wrongful and injurious there is no liability; but where they are both wrongful and injurious the land owner is entitled to recover. 2 Dillon on Mun. Corp. (4th ed.) sec. 609; 7 Ency. of Pl. & Pr. p. 686; *Simpson* v. *Kansas City,* 111 Mo. 237; *Feiten* v. *City of Milwaukee,* 47 Wis. 494; *Carson* v. *City of Hartford,* 48 Conn. 68; *Norris* v. *City of Baltimore,* 44 Md. 598; *Graff* v. *City of Baltimore,* 10 id. 544.

The right to recover is based, not upon the fact that there is delay in the prosecution of the suit and consequent damage or that there is delay in determining to abandon the proceeding after the amount of damages is fixed and resulting damage to the land, but upon the theory that the delay in prosecuting the suit has been wrongful or that the abandonment was not determined upon within a reasonable time after the award had been fixed, and that in either case the delay occasioned damage to the land owner.

In the case at bar it appears from the evidence that the courts in Cook county permit a clerk employed in the office of the corporation counsel to make up a trial calendar for the trial of condemnation proceedings, on which he places all con-

demnation suits in which the city is petitioner and which it is prepared to try and desires to try, and thereafter, at some convenient time, cases on this calendar are taken up and disposed of by one of the judges who is assigned to try the causes on that calendar; that such suits are not placed on any other trial calendar, and are not placed on that calendar until the corporation counsel desires to have them tried, and that plaintiff in error applied to the corporation counsel at frequent intervals to have this cause placed on trial, but that his request was not complied with for a period of more than five years.

If it be true that the practice obtains in Cook county of having this calendar made up in the manner indicated above, it should be discontinued. Our statute contemplates that the preparation of trial calendars shall be under the control of the courts, and that control should not be surrendered to one of the parties to the cause. The petitioner in an eminent domain proceeding has no right whatever to determine when the cause shall be tried. That right rests exclusively with the court, or with the judge of the court if the petition is presented to him in vacation.

It is urged by the city that the plaintiff in error cannot recover because he did not apply to the court in which the cause was pending to have it placed upon the trial calendar and disposed of. Ordinarily, we think, there would be force in this objection. The defendant who stands by and makes no effort to bring his cause to trial should be considered as waiving damages caused by the delay. If he desires a speedy trial, it is his duty to advise the court of that fact. Here, however, according to the proof the corporation counsel had assumed, and the court had permitted him to assume, control of the trial calendar. He was given the right and assumed the right to say at what time the defendant's cause should be heard, and despite the repeated requests of the defendant for an early setting of the cause, refused to place it upon the trial calendar, so that it could be reached for trial, until a time

more than five years after the beginning of the suit, and until one hundred and forty cases, begun after that case was begun, had been disposed of. Under these circumstances, the city is estopped to say that plaintiff in error should have applied to the court to have his case placed upon the trial calendar, and the proof made by plaintiff in error placed upon the city the burden of showing that it had not wrongfully delayed the trial of the cause.

More than fifteen months intervened between the time the judgment was entered and the time the ordinance abandoning the proceeding was passed. Here everything necessarily awaited the action of the city. The owner of the land was entirely without any means of hastening the time when the city would elect. Such a delay is *prima facie* unreasonable. Public policy forbids that a municipal corporation should be permitted to practice such an imposition upon the property owner.

It is also urged that the damages claimed, even if recoverable, could be sued for only by the grantor of plaintiff in error who was the owner when the condemnation suit was instituted, and in support of this position the doctrine is invoked that the right of action against a corporation taking private property without making compensation therefor is vested in the person who owned the property at the time it was taken. This doctrine is not applicable because plaintiff in error does not seek to recover for the actual taking of the property. What he seeks is damages occasioned by wrongful delay. Such damages necessarily accrue to the person owning the property when such delay occurred, and are payable to the person who owned the real estate at the time of the wrongful delay. Plaintiff in error is therefore entitled to recover any damages sustained in the manner aforesaid which were visited upon the property after the delivery to him of his deed. The court erred in striking out the evidence of the plaintiff in so far as it tended to establish such damages accruing after he was vested with the title. The damages

sought to be established by the proof stricken were damages to private property, falling within the language of the constitution hereinabove quoted.

The court peremptorily instructed the jury to find the defendant below guilty and to assess the damages at $450, which was the amount paid by plaintiff in error for attorney's fees and other expenses in defending the condemnation suit. The city questions the giving of this instruction by cross-errors assigned in this court. We find that such expenses have been allowed in other jurisdictions where statutes exist authorizing their recovery or where the right to abandon the condemnation proceeding is not an absolute right but rests in the discretion of the court. Where such discretion exists it has been held that the court may impose conditions upon the discontinuance of the proceeding, and that it is reasonable to require the petitioner, under such circumstances, to pay the attorneys' fees and other expenses incurred by the defendant in the litigation. Where the right to abandon the proceeding is an absolute right, and where there is no statute authorizing a recovery of such expenses, they cannot be recovered. In this State, the right of the petitioner to discontinue is absolute, and at the time this proceeding was abandoned, we had no statute authorizing the allowance to the defendant, in such event, of costs, expenses and attorneys' fees incurred in the defense of the petition, our statute authorizing such an allowance having become effective on July 1, 1897. It follows that the plaintiff in error is not entitled to recover his attorneys' fees and other expenses incurred in the defense of the condemnation suit, and that the court below erred in giving the peremptory instruction.

The judgment of the superior court will be reversed and the cause will be remanded to that court for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*