### THE SANITARY DISTRICT OF CHICAGO

*v.*

### CHARLES A. CHAPIN.

*Opinion filed April 18, 1907.*

1. COURTS—*power of court to dismiss suit for want of diligence in prosecution.* A court has power, independently of any statute, to dismiss a suit for the failure of the plaintiff to prosecute it with due diligence, where no sufficient excuse for the delay is presented.

2. EMINENT DOMAIN—*statute contemplates a speedy trial.* A condemnation proceeding is a summary one, not governed, either as to pleadings or practice, by the rules of the common law, but the statute contemplates a speedy trial.

3. SAME—*value of property is to be determined as of the filing of the petition.* Under the rule of construction adopted in Illinois, the value of property sought to be condemned is to be determined as of the date of the filing of the petition.

4. SAME—*a defendant not served with process is not bound to appear and demand speedy trial.* A defendant in condemnation, if served with process, is bound to protect his rights as far as possible and should demand a speedy trial if he desires it; but if he is not served with process he is not bound to enter an appearance or take any steps to hasten the trial, even though he knows of the institution of the suit.

5. SAME—*when dismissal of condemnation petition for delay in prosecution is proper.* Dismissal of a petition for condemnation, after an unexplained delay of four years in prosecuting the suit, is proper where the defendant was not served with process and the value of the land has greatly increased since the petition was filed, and where the petitioner refuses to have damages ascertained under any other rule than the value of the land at the time the petition was filed.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

ERASMUS C. LINDLEY, (JOHN C. WILLIAMS, of counsel,) for appellant.

KNIGHT & HOYNE, and WILSON, MOORE & McILVAINE, for appellee. .

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On July 23, 1902, the appellant, the Sanitary District of Chicago, filed in the circuit court of Cook county its petition for the ascertainment of compensation to be paid for several tracts of land for enlarging its drainage channel, including several lots designated as tract 178, owned by the appellee, Charles A. Chapin, a resident of Chicago, in said county. A summons was issued against appellee, which was returned on September 16, 1902, "not found." No *alias* summons was issued nor any other step taken to bring appellee into court or to further prosecute the suit as to said tract until November 13, 1906, something more than four years and three months after the petition was filed, when an *alias* summons was issued, which was served on the appellee on November 15, 1906. He appeared on December 19, 1906, and moved the court to dismiss the petition as to said tract for want of prosecution. The motion was supported by an affidavit setting forth that at the time of filing the petition the lands adjacent to said tract were used principally for purposes of storage and lumber yards and junk purposes; that since said time the adjacent lands had been greatly improved by large wholesale jobbing and general mercantile buildings and the railroad facilities had been greatly increased, and by reason of such conditions the market value of the property had very greatly enhanced since the filing of the petition. It was assumed by all parties that under the law the value would be fixed in this proceeding as of the date when the petition was filed, and the position of the appellee was, that he would be wronged by taking his prop-

erty and having its value fixed at such date by reason of the inexcusable delay of the petitioner. His counsel offered, in case the petition should be dismissed and a new proceeding instituted, to enter his appearance and consent to an immediate trial, and the court announced that the motion would be denied if appellant would stipulate that the value of the property should be fixed as of the date when the summons was served on appellee. The appellant refused, and insisted upon its right to have the value fixed as of July 23, 1902; and filed an affidavit stating, in substance, that it had acquired title to much of the property sought to be condemned without a trial and had tried some cases, but presenting no reason for the long and unreasonable delay in bringing appellee into court or proceeding with the case as to his property. The court thereupon sustained the motion and dismissed the petition for want of reasonable diligence in its prosecution.

A court may dismiss a suit for the failure of plaintiff to prosecute it with due diligence where no sufficient excuse is presented, and this power exists independently of any statute. (14 Cyc. 444.) The question here is whether that power was properly exercised under the circumstances of this case. Appellant insists that it was not, and relies upon various decisions in actions at law where it was held that the court had no right to dismiss the suits, as in *White* v. *Hogue,* 18 Ill. 150, where it was held that a court could not dismiss a suit in attachment for a failure to file a declaration at the return term without a rule on the plaintiff to file the declaration; and *Delano* v. *Bennett,* 61 Ill. 83, where it was held that a court may dismiss a case when called for trial for want of prosecution if the plaintiff does not appear, but if the parties appear and the defendant insists upon a trial the court cannot dismiss the case for want of prosecution and the plaintiff must elect to take a nonsuit or let the case go to trial; and *Seavey* v. *Rogers,* 69 Ill. 534, where the case was not at issue and the plaintiff

did not appear, and it was held that the proper course was for the defendant to take a rule on the plaintiff to answer the pleas, and on failure to do so for the court to dismiss for want of prosecution. It is contended that by analogy to these cases the court could not dismiss the petition for failure to prosecute with due diligence when the petitioner was in court willing to proceed, although there had been unreasonable delay in the prosecution. None of the cases cited go to the extent of allowing plaintiff to do nothing for several years and answer a motion to dismiss for want of· prosecution by saying that he is now ready to proceed. But ᐧ this proceeding is not governed by the ordinary rules of practice. The court ought in any case to be able to see that justice is done. And this case is different from the ordinary suit at law in the fact that the statute contemplates a speedy trial, and for that purpose provides for presenting a petition to a judge in vacation to obviate delays detrimental to the public and the parties. (*Bowman* v. *Venice and Carondelet Railway Co.* 102 Ill. 459; *Leibengut* v. *Louisville, New Albany and St. Louis Railway Co.* 103 id. 431; *Centralia and Chester Railroad Co.* v. *Rixman,* 121 id. 214.) The proceeding is a summary one regulated by statute, and not governed, either as to pleadings or practice, by the rules of the common law. (*Sweeney* v. *Chicago Telephone Co.* 212 Ill. 475.) In *Winkelman* v. *City of Chicago,* 213 Ill. 360, it was said to be the duty of a petitioner instituting a suit like this one to prosecute it with diligence, and it was held that Winkelman had a right of action against the city of Chicago for damages resulting from long. delay in the trial of the cause and a material decrease in the value of the property in the interim, when the proceeding was finally abandoned. While it was considered to be the duty of a defendant desiring a speedy trial to ask the court to speed the cause, the defendant in this case was not served with process and had no duty in the matter at all. It is not the duty of a person who knows that he has been made a de-

fendant, to go to the court and enter his appearance or to take any steps to aid the petitioner in taking his property for the public. If he is brought into court he is then bound to protect his own rights so far as he is able, and to that end may be required to ask for a speedy trial if he wants one. It is beyond question that the petitioner did not exercise proper diligence in the prosecution of the cause. There is nothing in the record which would warrant the inference that the cause might not have been tried within a reasonable time, and nothing to justify the petitioner in taking no steps for more than four years to ascertain the compensation.

The peculiar situation in this case arose out of the rule that the value of property sought to be taken for public use is to be determined as of the date of filing the petition. The provision of the constitution that private property shall not be taken for public use without just compensation requires that the owner shall receive the market value of his property at the time of the taking, and as to this proposition the courts are agreed. (15 Cyc. 517; 10 Am. & Eng. Ency. of Law,—2d ed.—146.) There is, however, a great diversity of opinion as to when the property is taken, in legal contemplation, for the public use. That question is material in view of the fact that the market value in the vicinity of a contemplated improvement usually rises in anticipation of it, even before the petition is filed, and the owner is not entitled to the increased value resulting from that cause. This has led some courts to hold that the compensation is to be determined by the value of the property before the improvement was projected, (*May* v. *City of Boston,* 158 Mass. 21,) or at the time of the passage of the act which authorizes the taking of the property. (*Mowry* v. *City of Boston,* 173 Mass. 425.) Other courts have held that the value of the property should be appraised as of the time of filing the petition, and others that it should be fixed at the time of the trial, excluding any increased value resulting from the improvement, on the ground that the property belongs to the

owner and is not subject to be taken until compensation has been made. When the question came before this court in *Cook* v. *South Park Comrs.* 61 Ill. 115, the trial court had followed the rule above stated and adopted in Massachusetts, that the land was taken when the law authorizing its taking became operative and the property was thereby irrevocably applied for the public use. The court refused to accept that rule, and said that the legislature could not, by arbitrary enactment, take property for the public use and limit the owner's compensation to the date of the law, when the property might greatly enhance in value between the passage of the law and the commencement of proceedings to condemn. It was therefore held that the value of the lands should be estimated at the date of the condemnation. When the question came before the court again, in *South Park Comrs.* v. *Dunlevy,* 91 Ill. 49, the language of the former decision was interpreted as meaning that the value was to be fixed at the date of filing the petition to condemn, although the court, in the same case, said that the filing of a petition to condemn property is not a taking of the same. The rule so established, that the value of property is to be fixed as of the date of filing the petition, has been consistently followed ever since. (*Dupuis* v. *Chicago and North Wisconsin Railway Co.* 115 Ill. 96; *Chicago, Evanston and Lake Superior Railroad Co.* v. *Catholic Bishop of Chicago,* 119 id. 525; *Lieberman* v. *Chicago Rapid Transit Co.* 141 id. 140; *Chicago and State Line Railway Co.* v. *Mines,* 221 id. 448.) The filing of the petition is the first actual step toward devoting property to a public use, and in ordinary cases that time is as fair and just to both parties for fixing the value of the property as any that could be adopted. At any rate, the rule is firmly established; but if it should be applied to a case like this, where the owner has not been brought into court and no steps have been taken for several years, during which the property has greatly advanced in value, it would result in wrong and injustice.

Counsel for appellant says that appellee has suffered no injury, because if appellant had proceeded with proper diligence and compensation had been awarded and paid to the appellee he would have had the use of the money and he has now had the use of the property, which is presumed to be equal to the use of the money. If that argument were sound it might be carried further, and the owner be paid what the property was worth ten or twenty years ago, or when he bought it, with the assurance that during the interim he had had the use of the property and therefore would suffer no loss. The argument does not meet the fact that there has been a great advance in the value of the property, and if the petitioner can now maintain the action and have the rule applied that the property was taken when the petition was filed, it would be able to acquire the property at much less than its value at the actual taking. It is manifest either that the court was right in refusing the petition or that the settled rule that property is to be regarded as taken when the petition is filed should not be applied to a case like this.. Appellant refused to have any other rule applied and insisted upon taking advantage of a rule which would work an injustice, and we think that the power of the court was properly exercised in dismissing the petition as to tract 178.

It is said that the court dismissed the petition not only as to tract 178, but also as to the appellee personally, and that he was interested in another tract. The motion was only to dismiss the petition so far as it sought to take tract 178, and that was all that was intended by the order. It will be so construed, and if appellee is a party in interest in any other tract, the petition will not be regarded as dismissed as to such tract or to any interest that he may have therein.

The judgment is affirmed.        *Judgment affirmed.*