(No. 43916.-

TRUSTEES OF SCHOOLS OF TOWNSHIP No. 37, Appellee, v. FIRST NATIONAL BANK OF BLUE ISLAND *et al.* Appellant.

*Opinion filed September 30, 1971.*

FRANK J. MAHER, and NOLAN, O'MALLEY & DUNNE, both of Chicago, (ROBERT J. NOLAN, PATRICK W. DUNNE, and EDWARD J. HLADIS, of counsel,) for appellant.

KLEIN, THORPE, KASSON & JENKINS, of Chicago, (FRANKLIN W. KLEIN, and ROBERT F. PECK, of counsel,) for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is a direct appeal by the defendant Hojka (hereinafter referred to as defendant) from an award in a condemnation proceeding. The defendant has presented three issues to this court which shall be stated as they are considered in the opinion.

The first issue raises constitutional questions. Defendant contends that his right to justice without delay (Const. of 1870, art. II, sec. 19), and to just compensation (Const. of 1870, art. II, sec. 13, and U.S. Const. amend. V) were violated by a lapse of four years between the filing of a condemnation petition and the trial. The record discloses the proceedings to be as follows:

On September 8, 1966, the Board of Education of School District 130 adopted a resolution finding it necessary for the best interest of the school district that the property in question and certain adjacent property be acquired for school uses and authorizing the school attorney to offer $32,000 to the owner of the subject property. The resolution further provided that if the offer were rejected the trustees of schools be requested to commence condemnation proceedings. On September 16, 1966, the school attorney sent an offer to defendant First National Bank of Blue Island, as Trustee, which was the record owner of the subject property, offering $32,000 for the same and stating that if he did not hear from the trustee within 10 days the offer would be considered rejected and condemnation proceedings would be instituted. On October 10, 1966, the trustees of schools adopted a resolution providing for the condemnation of the property and suit was filed on October 14, 1966. Defendant Hojka resided on the property and was a beneficiary under the terms of the trust under which title to the property was held by the First National Bank of Blue Island. He was made a party defendant to the condemnation proceedings and a firm of Chicago attorneys experienced in the field of condemnation filed an appearance for defendant in said cause. In June of 1970 this firm of attorneys withdrew its appearance on behalf of defendant and another firm was given leave to appear and thereafter filed the traverse which the court after a hearing denied. The trial fixing the award was then held in September of 1970. There had been continuances between

the filing of the condemnation petition and the filing of the traverse. The attorney that had represented defendant testified that all of the continuances had been agreed to by counsel.

The rule is firmly established that the value of property taken in a condemnation proceeding is to be determined as of the date the petition for condemnation is filed. *(Public Building Com. of Chicago v. Continental Illinois Nat. Bank and Trust Co., 30 Ill.2d 115; Hutchins v. Vandalia Levee and Drainage Dist., 217 Ill. 561; Dupuis v. Chicago and North Wisconsin Railway Co., 115 Ill. 97.)* Because of this rule a lengthy delay in the prosecution of a pending condemnation proceeding could be productive of injury to the land owner. It was the possibility of such injury that prompted this court to observe that when the condemning authority institutes a condemnation proceeding it should prosecute the suit with diligence and that it is liable to the land owner for damages occasioned by a wrongful delay. *(Winkelman v. City of Chicago, 213 Ill. 360.)* This court has also held that a court may properly dismiss a condemnation suit for failure of the plaintiff to prosecute it with diligence. *Sanitary District of Chicago v. Chapin, 226 Ill. 499.*

However, as pointed out in *Winkelman,* the right to recover damages for the delay is not based upon the fact that there is delay in the prosecution of the suit with resulting damages but upon the theory that the delay in prosecuting the suit has been wrongful. Also in *Chapin* the court qualified its statement concerning the right to dismiss for failure to prosecute a condemnation proceeding with the words "where no sufficient excuse is presented." (226 Ill. at 501.) It was further stated in *Winkelman:* "The defendant who stands by and makes no effort to bring his cause to trial should be considered as waiving damages caused by the delay. If he desires a speedy trial, it is his duty to advise the court of that fact." 213 Ill. at 364.

The defendant raised the question of delay as well as

other points considered on this appeal by his traverse. A hearing was had on the issues thus formed and the court entered an order overruling the traverse. The issues thus raised were preliminary questions to be determined by the court without a jury. *(Chicago Land Clearance Com. v. White, 411 Ill. 310.)* In such case, the credibility of the witnesses and the weight to be given to their testimony are to be determined by the court as the trier of fact, and its findings will not be disturbed unless they are manifestly against the weight of the evidence. *City of Chicago v. Riley, 16 Ill.2d 257, 261.*

In reviewing the evidence presented to the court we note that the defendant was represented by counsel experienced in condemnation proceedings. During the four years that the suit was pending it does not appear that the defendant made a demand for a hearing. The 20 continuances were agreed to by the defendant's counsel. The delayin bringing this case to trial cannot all be attributed to the condemning authority. Under these facts and the law as stated in *Chapin* and *Winkelman* we cannot say that the trial court erred in denying the defendant's traverse as to the constitutional issues involved in the delay.

The second point defendant raises is that the petitioner did not make a good faith attempt to negotiate the purchase prior to filing the condemnation petition. Section 2 of the Eminent Domain Act (Ill.Rev.Stat. 1969, ch. 47, par. 2) provides for the taking of property where the compensation to be paid cannot be agreed upon. It is a condition precedent to the exercise of that right that an attempt shall first be made to agree with the owner on the compensation and it is only upon failure to agree that a petition to condemn may be filed. *City of Chicago v. Harrison-Halsted Building Corp., 11 Ill.2d 431.*

Following the adoption of the resolution by the Board of Education authorizing its attorney to offer $32,000 to the owner of the property, the attorney sent such an offer by letter to the First National Bank of Blue Island,

Trustee, which was the record holder of the legal title to the property. Defendant complains that the offer was not sent to him and that the offer was inadequate. He cites *City of Chicago v. Jewish Consumptives Relief Society, 323 Ill. 389,* in support of his contention that the petitioner had not attempted to agree 'with the owner on the price to be paid. In the case last cited an attorney who had transacted some legal business for the land owner was contacted by the condemning authority and asked what the owners were asking for the property. The attorney without contacting the owners submitted a figure and the authority requested a lower figure. None of this information was communicated to the owner before the petition was filed. This court held that the petitioner had not shown that the attorney had any authority to act on behalf of the owner and therefore the petitioner had not shown that it had attempted to agree upon a price with the owner of the land. The present case differs substantially. Here, the offer was made directly to the holder of the legal title to the real estate, which this court has held to be in compliance with the Act. *South Park Commrs. v. Livingston, 344 Ill. 368.*

As to the adequacy of the offer, it appears that the $32,000 figure was recommended to the Board of Education by its attorney. He based his recommendation on his general knowledge of the area and real estate sales in which he had participated as an attorney. The letter which the attorney sent to the trustee in addition to conveying the offer of $32,000 also stated that the Board of Education "desires to acquire this property for school purposes, and the undersigned [attorney] has been authorized to *negotiate* with you in this connection." (Emphasis added.) Although the offer was lower than petitioner's subsequent appraisal, it was based on the recommendation of the attorney who was experienced in real-estate transactions in the area. As with the other issues raised by the traverse it was for the trier of fact to determine whether the Board of

Education had attempted to agree with the owner before the petition was filed. We do not think his denial of the traverse is against the manifest weight of the evidence. The Board of Education made an offer and evidenced a willingness to negotiate. This offer cannot therefore be viewed in the light of a ridiculously low offer without foundation on a take-it or leave-it basis.

Finally defendant attacks the necessity of the taking. In this regard he recognizes the general rule that where the legislature has delegated the authority to exercise the power of eminent domain the body to whom the power has been delegated also has the authority to decide the necessity for exercising the right, and its decision will be conslusive in the absence of a clear abuse of the power granted. *(City of Chicago v. Vaccarro, 408 Ill. 587.)* However, defendant points out that this court in *Vaccarro* also held that if the property sought to be taken is grossly in excess of the amount necessary for the public use the court will not permit the land to be taken. (408 Ill. at 597.) Defendant contends that the amount of property sought to be taken is excessive.

Defendant is correct in his assertion that the burden of proof on the issue of necessity is upon the petitioner. *(City of Chicago v. Lehmann, 262 Ill. 468.)* However, where a resolution of the governing body which makes the finding of necessity is introduced into evidence a *prima facie* case is made. It is then the duty of the defendant to go forward with evidence in support of his contention that there was an abuse of discretion by the governing body. *(Trustees of Schools v. Sherman Heights Corp., 20 Ill.2d 357; Chicago Land Clearance Com. v. Quinn Home Builders, 11 Ill.2d 111; Decatur Park District v. Becker, 368 Ill. 442; Forest Preserve District v. Kean, 298 Ill. 37.)* The Board of Education adopted a resolution determining that it was necessary for the best interests of the school district that this property be acquired. This resolution was introduced into evidence at the hearing on the traverse. It

was then the duty of defendant to go forward with evidence in support of his contention that the taking was excessive.

The property in question is rectangular in shape and consists of 10 acres adjacent to the Nathan Hale School site, one of the schools operated by the Board of Education. Two other parcels were to be acquired at the same time. One tract contained 15 acres and the other tract one and one-half acres, both lying east of the defendant's property and separated by it from the Nathan Hale School property. In addition to the 26-1/2 acres thus sought to be acquired, the Nathan Hale School site as presently constituted contains 20-1/2 acres.

At the hearing on the traverse the petitioner, in addition to placing in evidence the resolution of the Board of Education as to the necessity, also introduced the testimony of the superintendent of schools of the district who stated that the district operated nine attendance centers for elementary students including a Junior High School. He stated that the board had considered the potential growth of the district which appeared to be greatest in the western portion thereof which would be the area served by the Nathan Hale School. He recommended to the Board of Education that this property be acquired. In doing so, in addition to the population trends, he also considered the suitability of this site for a Junior High School building for the district. The defendant offered no evidence to overcome the *prima facie* case or to contradict the testimony given by the superintendant of schools except to cross-examine the superintendant as to the availability of other sites and the advisability of busing the students from other parts of the district to the Nathan Hale School.

Defendant argues that in *City of Waukegan v. Stanczak, 6 Ill.2d 594,* this court applied and judicially approved a formula of 10 acres plus one acre for every 100 students as being a proper means of determining the

necessary size of a school site to fulfill present as well as future requirements which result from community growth. Defendant contends that by applying this formula to the present case the amount of land sought to be acquired is excessive. In *Stanczak* this court did not judicially approve such a formula. In that case evidence had been introduced at the hearing that this was an accepted education formula for determining the size of adequate facilities for secondary schools. This court simply applied this evidence to the enrollment figure and stated: "Even for present requirements, not to mention the future, the area taken was not shown to be excessive in amount." (6 Ill.2d at 604.) As on the other issues raised by the traverse we do not feel that the determination of the trial court was against the manifest weight of the evidence.

It is therefore the opinion of this court that the judgment of the circuit court of Cook County be affirmed.

*Judgment affirmed.*