THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Petitioner-Appellee, *v.* ETHEL B. KAUFMAN *et al.*, Defendants.—(ELLEN MORRIS *et al.*, Defendants-Appellants.)

Fourth District   No. 14756

Opinion filed August 11, 1978.

Giffin, Winning, Lindner, Newkirk, Cohen & Bodewes, of Springfield, for appellants.

William J. Scott, Attorney General, of Springfield (James L. Capel, Jr., and Gregory E. Pelini, Assistant Attorneys General, both of Meyer, Capel, Hirschfeld, Muncy, Jahn & Aldeen, of counsel), for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

"Quick take" condemnation.

"Preliminary just compensation" deposited and *withdrawn.*

Ten years elapse.

Can the condemnees lie in the weeds and then have the case dismissed for want of prosecution without themselves having demanded either trial or final disposition?

No. We affirm.

Here's what happened.

The Department of Public Works and Buildings of the State of Illinois filed a petition for condemnation on October 4, 1965. Included in that petition was a tract of land referred to as Parcel Number 6 of which defendants Ellen and Walter Morris were partial owners and subsequently sole owners. The defendants were served a petition for condemnation on October 6, 1965.

Pursuant to the Department's motion for immediate vesting of title, a "quick take" hearing was held on October 14, 1965, and findings in favor of the Department were entered. At that time, the "preliminary just compensation" for Parcel Number 6 was fixed at $4,000. On October 26, 1965, the Department deposited 125% of the "preliminary just compensation" with the circuit court clerk and an order was entered vesting petitioner with fee simple title to Parcel Number 6. After application to the court, the Morrises withdrew the preliminary award of $4,000 on July 6, 1966.

Ten years later—on July 23, 1976—Ellen and Walter Morris filed a motion to dismiss the cause as to Parcel Number 6 for want of prosecution! That motion was denied on July 30, 1976. Another year passed, and on July 6, 1977, the Morrises filed a motion for a new evaluation date which was denied the same date. After the presentation of evidence and arguments, the court found $4,000 to be the just compensation for Parcel Number 6 on September 19, 1977.

■■ On appeal, defendants claim the circuit court abused its discretion in denying their motion to dismiss for want of prosecution and their motion for a new evaluation date. The Morrises recognize that the market value in a condemnation proceeding is determined as of the date the petition for condemnation is filed. (*Trustees of Schools v. First National Bank* (1971), 49 Ill. 2d 408, 274 N.E.2d 56; *Department of Transportation v. Zabel* (1975), 29 Ill. App. 3d 407, 330 N.E.2d 878.) However, they contend that the granting of their motion to dismiss for want of prosecution would have necessitated refiling the petition of condemnation which would have required a new evaluation date. Thus, the merits of the motion for a new evaluation date is determined by the results of the motion to dismiss.

If a defendant in a condemnation action, who has been properly brought before the court, desires a speedy trial, it is his duty to demand it. (*Department of Public Works & Buildings v. American National Bank & Trust Co.* (1976), 36 Ill. App. 3d 439, 343 N.E.2d 686.) Unless the defendant demands a trial, there is no basis for dismissal of the petition. F. Righeimer & F. Righeimer, Eminent Domain in Illinois §4.051 (Supp. 2d ed. 1972).

Defendants cite *Sanitary District v. Chapin* (1907), 226 Ill. 499, 80 N.E. 1017, for the proposition that the condemnor has the burden of going forward with the prosecution of the petition. However, such reliance is misplaced since the defendant in that case had never been served. The court noted that if the defendant had been brought into court, he would have been required to ask for a new trial if he had wanted one. Likewise, reliance on *Department of Business & Economic Development v. Brummel* (1972), 52 Ill. 2d 538, 288 N.E.2d 392, is also incorrect. That case dealt with who had the burden of proceeding first at all stages of a trial proceeding—not with the burden of demanding a trial.

Here, defendants had been properly made parties to the case, had received the preliminary just compensation, and were represented by counsel throughout the proceedings. At no time did they make any attempt to bring the case to trial.

■■ A trial court's determination concerning the dismissal of lawsuits for want of prosecution will not be disturbed unless the reviewing court finds an abuse of discretion. (*Bender v. Schallerer* (1973), 9 Ill. App. 3d 951, 293 N.E.2d 411.) The trial judge below did not abuse his discretion in finding that there was no want of prosecution in this case. Consequently, there was also no abuse in denying the motion for a new evaluation date.

Affirmed.

REARDON, P. J., and CRAVEN, J., concur.