THE DEPARTMENT OF TRANSPORTATION, Appellant, v. HERBERT A. SCHIEN *et al.*, Appellees.—THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellant, v. BERNARD J. VOGT *et al.*, Appellees.

*Opinion filed September 19, 1978.*

288

CLARK, J., took no part.

William J. Scott, Attorney General, of Springfield (Roy E. Frazier, Jr., Assistant Attorney General, and Robert F. Scott and Raymond L. Terrell, of Springfield, and Harry J. Sterling, of Fairview Heights, Special Assistant Attorneys General, of counsel), for appellant.

Barber & Barber, of Springfield (Carl O. Hoffee and Barry O. Hines, of counsel), for appellees.

William J. Scott, Attorney General, of Springfield (Roy E. Frazier, Jr., Assistant Attorney General, and Harry J. Sterling, of Fairview Heights, Special Assistant Attorney General, of counsel), for appellant.

Walker & Williams, P.C., of Belleville, for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

These consolidated appeals present the question whether, subsequent to entering an order pursuant to the "quick-take" provisions of the Eminent Domain Act (Ill.

Rev. Stat. 1977, ch. 47, pars. 2.1 through 2.10) making a preliminary finding of just compensation and ordering the taking of the land and the vesting of title, the circuit court may dismiss the petition for want of prosecution.

In cause No. 49880, petitioner, the Department of Transportation of the State of Illinois, appealed from the order of the circuit court of Sangamon County in which the court denied petitioner's motion to vacate and expunge a previous order of the court granting respondent's motion to dismiss the petition for condemnation for want of prosecution, and fixing just compensation for the taking in the same amount found to be preliminary just compensation. The appellate court affirmed the order. 50 Ill. App. 3d 73.

In cause No. 50020, petitioner, the Department of Public Works and Buildings of the State of Illinois, appealed from the judgment of the circuit court of Monroe County dismissing its petition for condemnation for want of prosecution and vacating the "quick-take" order fixing preliminary just compensation and vesting title in petitioner. The appellate court affirmed the order. (51 Ill. App. 3d 770.) We allowed the Departments' petitions for leave to appeal and consolidated the cases for further proceedings.

Because we have concluded that the issues in cause No. 50020 have become moot and the appeal must be dismissed, we consider briefly the record and the subsequent developments which indicate that no actual rights or interest of the parties will be affected by a decision in this cause. The petition for condemnation was filed on August 25, 1971, and on November 16, 1971, petitioner filed a motion for immediate vesting of title. On November 30, 1971, the court entered an order which contained the requisite findings (Ill. Rev. Stat. 1971, ch. 47, par. 2.2) and fixed the amount of preliminary just compensation. On January 25, 1972, it entered an order vesting title in

petitioner. The matter was set for hearing for the determination of just compensation but on a number of occasions, for various reasons, was continued and reset. The procedural history of this case is adequately reviewed in the appellate court opinion and it suffices to say that the circuit court ultimately entered an order granting respondents' motion to dismiss and ordering that the sums previously deposited pursuant to the quick-take order be refunded to petitioner. The order also states that nothing contained therein prevents the refiling of the petition for condemnation, subject, however, to the proviso that, if and when refiled, the date on which it was refiled would be the valuation date for just compensation for the taking of the property. The order of dismissal was entered on September 18, 1975.

Appended to respondents' reply to petitioner's petition for rehearing in the appellate court, as a "Supplemental Record," are copies of documents executed by respondents on March 30, 1977, designated as dedications of right-of-way for a freeway, a release for freeway, temporary construction easements and a special agreement, in return for which they were paid sums greatly in excess of the amounts fixed by the court as preliminary just compensation for the taking of the property. In a response to respondents' reply to the petition for rehearing, petitioner stated that the matter was not moot "inasmuch as the issues involved in the original petition sought the taking of the fee interest in question while the documents set forth in the supplemental record clearly establish that the interest purchased was not the fee but rather a dedication." The petition for leave to appeal does not address the question of mootness, and no supplemental brief has been filed for petitioner. In an answer to the petition for leave to appeal respondents have suggested that the case is moot. Asked in oral argument why the appeal should not be dismissed for mootness the assistant

Attorney General reiterated the position taken in the appellate court.

Simply stated, the record presents the anomalous situation of the vesting of fee-simple title in a quick-take proceeding and the subsequent payment of substantially greater sums of money for what petitioner now contends is a lesser title. Assuming, *arguendo,* that there is a distinction between the title originally sought and the title received and assuming further that petitioner may, through negotiation and voluntary payment, acquire the allegedly lesser title and thereafter seek by condemnation to acquire the greater title, it nevertheless is clear that the issues presented in the original proceeding are moot. There is no issue here of right to possession, nor is there any issue of the just compensation to be paid. Furthermore, we need not conjecture as to whether traverse would appropriately lie to challenge petitioner's effort to obtain the fee-simple title under the circumstances shown here. It is obvious that the issues presented in the original proceeding are moot and the appeal is therefore dismissed. We note parenthetically that by what we have said here we do not indicate approval or disapproval of the holding of the appellate court concerning the merits of the cause.

Cause No. 49880 involves two parcels of land. Petitioner filed two separate petitions for condemnation, and thereafter its motions for immediate vesting were granted, preliminary just compensation for both tracts was determined, an order was entered vesting title in petitioner, and respondents thereafter withdrew the preliminary just compensation. (Ill. Rev. Stat. 1965, ch. 47, par. 2.4.) Subsequently, in accordance with a local rule of court providing that all suits begun before 1966 be disposed of before December 31, 1969, the condemnation action was dismissed. Petitioner moved to vacate the order of dismissal and reinstate the action. The motion was denied. Petitioner filed a motion for reconsideration of

that motion and it was denied. Petitioner then filed a second motion to vacate and expunge the original dismissal order. The circuit court denied the motion and in the order provided that the preliminary just compensation previously fixed by the court was "ordered to be the amount of final compensation required to be found by this court for the taking of the property sought to be condemned." The clerk was directed to refund to petitioner the excess of the deposit made by petitioner over the amount of preliminary just compensation previously deposited by petitioner and withdrawn by respondents.

Petitioner contends that the circuit court's determination of just compensation without a jury trial on that issue is constitutionally impermissible. Respondents argue that, as stated by the appellate court, this issue was not raised, and that the contention is waived.

Although a condemnation proceeding may be dismissed for failure to prosecute it with diligence (*Sanitary District v. Chapin* (1907), 226 Ill. 499), the unique nature of an action in eminent domain renders inapplicable the usual rules governing involuntary dismissal. The purpose of an eminent domain proceeding is to determine just compensation to be paid the owner for land taken (*Commissioners of Lincoln Park v. Schmidt* (1944), 386 Ill. 550) and unlike other judgments, a judgment in eminent domain "does not impose a liability upon the condemnor but merely establishes a value that it must pay to acquire title. The condemnor is under no compulsion to pay the award, and no execution may issue upon the award" (*County of Cook v. Malysa,* (1968), 39 Ill. 2d 376, 379). Clearly, neither Supreme Court Rule 273 (58 Ill. 2d R. 273) nor the provisions of section 24 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 24a) apply.

The involuntary dismissal of this action was a sanction imposed for failure to diligently prosecute it. Were it not for the fact that title had been vested in the petitioner and

respondents had withdrawn the sums deposited in compliance with the orders finding preliminary just compensation, the only practical effect of the dismissal would be that, upon refiling, the date of the subsequent filing would be the date for valuation of the property taken. *Sanitary District v. Chapin* (1907), 226 Ill. 499.

Sanctions imposed by the circuit court must be appropriate and necessary to achieve the proper completion of the litigation. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 196-97.) What is appropriate under the circumstances must be determined on the facts of each case. In addition to dismissal for failure to prosecute the action with diligence (*Sanitary District v. Chapin* (1907), 226 Ill. 499) a condemning authority which institutes proceedings and fails to prosecute its action with diligence may be held liable to the landowner for damages occasioned by wrongful delay. (*Trustees of Schools v. First National Bank* (1971), 49 Ill. 2d 408; *Winkelman v. City of Chicago* (1904), 213 Ill. 360.) The record shows that these actions were filed on December 31, 1964, and June 3, 1965, that quick-take orders were entered shortly thereafter, the amounts determined to be preliminary compensation were deposited by petitioner and withdrawn by respondents, and orders were entered vesting title in the petitioner. The cases were consolidated and were dismissed for the first time on September 18, 1968. A second order was entered on December 31, 1969, for failure to comply with the local rule with respect to reinstatement. On July 21, 1972, petitioner filed a motion to reinstate the cause, and that motion was denied. A motion to reconsider the denial was filed and denied, and on March 26, 1974, petitioner filed a motion to vacate the earlier order. Although it would have been better practice for the circuit court to impanel a jury for the purpose of determining just compensation, as noted by the appellate court, petitioner did not before that court assert that the determination of

just compensation by the circuit court was error. Under these circumstances we are unable to say that in acting within its inherent powers to dismiss the cause of action for failure to comply with its rules, the circuit court abused its discretion. The judgment is affirmed.

*49880 — Judgment affirmed.*
*50020 — Appeal dismissed.*

MR. JUSTICE CLARK took no part in the consideration or decision of this case.