SHIRLEY FERGUSON, Indiv. and as Adm'r of the Estate of Donald Ferguson, Deceased, *et al.*, Plaintiffs-Appellants, v. NORTHERN ILLINOIS GAS COMPANY *et al.*, Defendants (Lear Siegler, Inc., Defendant-Appellee).

First District (5th Division)   No. 85—1080

Opinion filed October 10, 1986.

John G. Phillips and Stephen D. Phillips, both of John G. Phillips, Ltd., of Chicago (David A. Novoselsky, of counsel), for appellants.

Sam L. Miller, Ltd., of Chicago (Sam L. Miller and Michael W. Rathsack, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs appeal from an order of the trial court denying their motion to vacate a partial settlement agreement voluntarily entered into with one of their named party defendants. Pursuant to the agreement, defendant had been dismissed from the pending lawsuit and released from any further liability.

We affirm.

Plaintiffs brought a personal injury/products liability action against various individuals and corporations engaged in the manufacture, distribution, installation, and maintenance of a gas furnace in their home. Carbon monoxide fumes had overcome plaintiffs while asleep, causing death in one instance and injury to the others. Prior to the suit coming to trial, plaintiffs' attorney negotiated a partial settlement agreement with Lear Siegler, Inc. (Siegler), one of the named party defendants. The settlement reached between plaintiffs and Siegler was the culmination of lengthy conferences involving all the parties. Siegler, who had first filed an answer denying any liability, agreed to settle its portion of the case by tendering plaintiffs the sum of $33,500. On motion of plaintiffs, the trial court entered an order approving the settlement. The order stated in part that the agreement was not only fair and reasonable but that it had been reached in good faith as between the parties. Siegler was subsequently dismissed from the lawsuit and released from any further liability.

In less than a year's time, plaintiffs retained new counsel. Shortly thereafter, plaintiffs petitioned the trial court under section 2—1404 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1404), to vacate the settlement agreement and prior order dismissing defendant from the lawsuit on the ground that their former counsel had wrongfully negotiated the settlement during the pendency of disbarment proceedings, but prior to the time the mandate of the court preventing him from further engaging in the practice of law had issued. After hearing arguments from both parties on the matter, the trial court denied plaintiffs their motion. On appeal, plaintiffs argue that the trial judge erroneously failed to consider evidence of fraud and misconduct surrounding the settlement agreement once these facts were brought to its attention.

OPINION

The sole question presented by this appeal is whether the trial

court abused its discretion in refusing to set aside the partial settlement agreed to by plaintiffs and negotiated by their counsel at a time when he was aware of his imminent disbarment but prior to the time an order from the court making such sanction effective was issued.

■■ ■ We first note that plaintiffs' claim on appeal that their former counsel perpetrated a fraud on his clients and the court by failing to give notice of the pending disbarment was not part of the allegations making up their petition to vacate under section 2—1401. Not having made any reference to fraud of any sort (in the execution or in the inducement of the settlement agreement) in their petition, plaintiff's new charge of such misconduct on appeal raises the question of whether this issue lies properly before this court. It is axiomatic that an appellate court will not consider different theories or new questions if proof might have been offered to refute them had they been presented to the trial court. (*Rentways, Inc. v. O'Neill Milk & Cream Co.* (1955), 308 N.Y. 342, 126 N.E.2d 271.) While a reviewing court will in some cases override the considerations of waiver that stem from the adversarial nature of our legal system in order to achieve a just or equitable result (see *Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831), we are pressed to carve such exception in the instant case where the issue before us is one of fact involving problems of proof. Plaintiffs have not offered any reason for failing to allege fraudulent misconduct on the part of their former counsel in their petition under section 2—1401. Instead, they urge this court to look outside the record at the surrounding circumstances and to take judicial notice of the supreme court's decision regarding their former counsel's disbarment. In exercising the power to review points not raised below, care should be taken that the litigants are not deprived of an opportunity to present argument. Our examination of the record reveals that the issue of fraud, as it was missing from plaintiffs' petition and raised only on appeal as an afterthought, was not properly challenged in the court below. Accordingly, that issue cannot now be considered by this court.

■ Further, a party seeking relief under section 2—1401 has the burden of presenting sufficient facts to support the claim of error. (*In re Estate of Tingos* (1979), 72 Ill. App. 3d 703, 390 N.E.2d 1349.) Absent a showing of an abuse of discretion, the decision of the trial court granting or denying relief under that section must be affirmed. (*Davis v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 987, 403 N.E.2d 615; *Department of Public Works & Buildings v. Vogt* (1977), 51 Ill. App. 3d 770, 366 N.E.2d 310, *aff'd* (1978), 72 Ill. 2d 287, 381 N.E.2d 241; *People ex rel. Johnson v. Payne* (1984), 127 Ill. App. 3d

398, 469 N.E.2d 270.) This is especially true where the moving party rests its claim for relief on equitable grounds. See *Resto v. Walker* (1978), 66 Ill. App. 3d 733, 383 N.E.2d 1361.

■ Plaintiffs have not shown any pertinent facts not known to the trial court at the time of the settlement. The record reveals that the agreement was reached only after numerous lengthy pretrial conferences were conducted between all the parties. The trial judge was given all facts pertinent to the case at that time and the settlement order reflects his involvement in those conferences. When he was later called upon to make a determination on plaintiffs' petition to vacate the dismissal and prior approval order, the same trial judge carefully considered all arguments before deciding to deny plaintiffs their requested relief. At the time, he also noted that he was depending upon his recollection of the settlement process in arriving at his decision. Plaintiffs take issue of the fact that since no court reporter was present during the pretrial conferences or at the settlement hearing the trial judge was forced to rely on his recollection of a situation that took place approximately a year prior to the hearing on their motion and to reach an unjust decision. However, the record shows that the situation remained unchanged between the time of the settlement and the subsequent motion to vacate the same. Moreover, a year's time does not seem such a lengthy period during which the trial judge might have forgotten the salient features and special circumstances surrounding the subject agreement. Having originally considered the proposed settlement and found the agreement to be fair and equitable and entered in good faith as between the parties, the trial judge was, in fact, in a superior position to weigh the evidence and determine the merits of plaintiffs' argument in support of their motion. We find no reason to disturb the trial court's decision.

The judgment of the trial court denying plaintiffs' petition to vacate is therefore affirmed.

Affirmed.

MURRAY and PINCHAM, JJ., concur.